227 P.2d 623

**MAHONE et al. v. AUTRY et al.**

No. 5317.

Supreme Court of New Mexico.

Feb. 7, 1951.

W. Peter McAtee, James R. Toulouse, Albuquerque, for appellant.

Sam Dazzo, Rolando Matteucci, Albuquerque, for appellees.

SADLER, Justice.

The plaintiffs below, appellees here, some fourteen of them, sued defendant, doing business as Autry Livestock Exchange, to enjoin as a nuisance the continued maintenance by him of certain stables and the corral surrounding them from which he conducted a riding academy within the corporate limits of the city of Albuquerque. He answered denying that he was maintaining a nuisance on his property. The trial ended in a judgment for plaintiffs enjoining the defendant from continuing operation of his stables and corral as a riding academy and giving him approximately two and one-half (2½) months within which to abate the nuisance. This appeal followed.

When the defendant established his corral and stables at the point where located there were no residence properties near and the character of the neighborhood so continued for some years. However, at the time this suit was instituted and for a considerable period prior thereto the building of residence properties in close proximity to defendant's property had progressed to such an extent that it had largely become a residential area. The defendant occupied with his stables and corral the South half of Block One (1) of the Mesa Park addition to the city of Albuquerque. At varying periods he kept within his enclosures from thirty to fifty horses and burros used in conducting his riding academy and in buying and selling horses, mules and burros.

In the numerous corrals in which the animals were kept there were watering troughs from which water dripped and, becoming mixed with manure, chopped hay and mud trampled by the horses and burros created an offensive odor which proved both annoying and unpleasant to residents of the neighborhood. Large quantities of manure were permitted to remain upon the ground within the corral to add to the unpleasant surroundings and in especially dry seasons the hay, cut up from being trampled by the animals, would be blown by the wind to and on the surrounding properties to the great discomfort of the residents. By reason of the quantity of manure, urine, chopped hay, mud and dripping water in the corrals swarms of flies congregated in the area

to add to the discomfort, annoyance and disease hazards suffered by residents in the vicinity of defendant's property. In addition, the constant stamping and braying of the burros caused excessive and distracting noises in the neighborhood. The conditions mentioned denied to the residents in the vicinity of the corral and stables the reasonable enjoyment of their respective properties.

Having found the facts as hereinabove recited, the court drew therefrom conclusions of law as follows:

"I. That the corrals and stables as such are not nuisances per se; that because of the operation of the stables, noise, odor, excessive number of animals, uncleanliness, unsightliness, flies and unusual filth and because the area is predominantly a residential district and causes considerable annoyance and discomfort to surrounding residents, the operation of the stables by the defendant constitutes a nuisance.

"II. That the area is predominantly residential and is becoming more so a residential district; that the use by the defendant of his property as a corral and stable interferes with residents in the vicinity in the reasonable enjoyment of their property.

"III. That the nuisance is continuous, although intermittent.

"IV. That the Court has jurisdiction of the parties and of the subject matter."

The trial court then entered its judgment enjoining the continued operation of defendant's stables and corral as a nuisance, but, by reason of the equity arising in his favor from having established his business at its location before the plaintiffs occupied the surrounding area with residence properties, a provision was incorporated in the decree giving defendant the reasonable time of two and one-half (2½) months within which to abate the nuisance found to exist.

But two questions are presented and argued on the appeal. They are:

"1. That a judgment or decree enjoining a defendant from operating his business as a nuisance must be definite, clear and precise in its terms as possible as to what the defendant is required to do or refrain from doing.

"2. That the plaintiffs placed themselves adjacent to and had knowledge of the existence of the Autry Livestock Exchange and are therefore estopped from bringing any action to abate the nuisance."

We think the defendant's counsel entirely misapprehend the effect of the decree appealed from when they urge Point One (1). What the trial court did was to find that the operation of the riding academy at the location in question was a public nuisance, Stamm v. City of Albuquerque,

10 N.M. 491, 62 P. 973; State ex rel. Marron v. Compere, 44 N.M. 414, 103 P.2d 273, —not, as counsel seem to feel, that the mere manner of its operation there made it so. The twelfth finding of fact "that the corrals and stables are a nuisance in the area," and the second conclusion of law quoted, supra, make this plain. The language of the decree leaves no doubt. The defendant was enjoined from operating *at all* the kind of business enjoined at the place in question. Such being the case, all argument based on a different hypothesis is beside the point.

None can question the power of a court of equity to enjoin and permanently a nuisance that adversely affects the public health, welfare or safety. Mitchell v. City of Roswell, 45 N.M. 92, 111 P.2d 41; Town of Gallup v. Constant, 36 N.M. 211, 11 P.2d 962; State ex rel. Marron v. Compere, supra. See, also, Acme Fertilizer Co. v. State, 34 Ind.App. 346, 72 N.E. 1037, 107 Am.St.Rep. 190. The power frequently has been exercised in relation to operation of stables. Mitchell case, supra; Oehler v. Levy, 234 Ill. 595, 85 N.E. 271. See, also, annotations in 17 L.R.A., N.S., 1025, following opinion in Oehler v. Levy and in 49 L.R.A., N.S., 958, et seq.

It is next argued that plaintiffs are estopped to enjoin the nuisance because they moved into the vicinity of defendant's property long after he had established his business and with knowledge of the kind of business he operated there. There is no merit to this contention. Stamm v. City of Albuquerque, supra; Mitchell v. City of Roswell, supra.

Finding no error, the judgment under review will be affirmed.

It is so ordered.

LUJAN, C. J., and McGHEE and COMPTON, JJ., concur.

COORS, J., not participating.