262 P.2d 981

**BARRETT et al. v. LOPEZ.**

No. 5627.

Supreme Court of New Mexico.

Nov. 5, 1953.

Neal & Neal, Carlsbad, for appellants.
No counsel on appeal for appellee.

FOX, District Judge.

The appellants, plaintiffs below, brought this action to abate the operation by the defendant of a dance hall located in the Village of Loving, Eddy County, New Mexico. The plaintiffs contend that the activity incident to the operation of the dance hall amounts to a nuisance. The lower court entered judgment for the defendant and the plaintiffs have appealed.

The plaintiffs are the owners, occupants and tenants of property near and adjacent to the property and dance hall owned by the defendant, Jesus Lopez. The defendant conducts dances on his premises several times each month and these dances usually begin about 8:00 or 8:30 o'clock and close about 12:00 or 12:30 A.M. o'clock. A string orchestra usually plays at these functions.

The plaintiffs do not complain about the activity inside the dance hall, excepting the noise made by the orchestra. The plaintiffs do complain about the activities of the patrons of the dances outside the hall and, allegedly, incident to the operations of the dance hall. Generally, the activities complained of consist of the drinking of intoxicants and the discarding of bottles and cans on nearby property, public and private; fighting among patrons of the dance; the blocking of private driveways by automobiles belonging to defendant's customers; promiscuous urination by defendant's patrons on defendant's premises as well as nearby property, and defecation on nearby property, without regard to facilities provided for such purposes by defendant, and offensive odors resulting from such activity; love making in vehicles parked in the vicinity and the disposition of evidences of such on nearby property, yelling, cursing and loud and boisterous conversations during and after the dances; and indiscriminate horn-honking.

Numerous complaints to the city authorities were made by the plaintiffs and others pertaining to the operation of defendant's dance hall without any significant success, and this action followed.

It should be pointed out that the defendant has failed to resist plaintiffs' appeal to this Court and we must therefore decide

this matter on the basis of the record and appellants' brief without the advantage of the views of the appellee.

The findings of fact entered by the trial court and the findings of fact requested by the plaintiffs are in substantial agreement with the facts set out hereinabove and any variances are not of material consequence.

The assignments of error urged by plaintiffs are directed toward the proposition that, although the trial court conceded the existence of the facts, generally, as laid out in plaintiffs' complaint, nevertheless, the court denied the relief sought on the grounds that the dances themselves were properly conducted, that those improper activities occurring outside the dance proper (but incident to the dances) were not peculiar to the patrons of the defendant's establishment but were generally engaged in throughout the Village of Loving, and, furthermore, that the village law enforcement authorities had the primary responsibility to stop such improper activities.

The record appears to bear out the plaintiffs' position. At one point in the trial, the Court interrupted the testimony of the mayor of the village to inquire: "What is the Village of Loving doing, Mr. Mayor, to stop this improper use of personal property?" At another point in the testimony of the same witness the Court asked, "What are they doing about this unnecessary horn blowing and skidding of tires and loud talk long after these dances?" In this same line two of the trial Court's findings are set out below:

The trial Court's Finding of Fact No. 10, states:

"The defendant provides rest rooms with running water to the rear of the dance hall for the use of the patrons at his hall, and on occasions persons attending the dances and entertainments at the hall urinate along the sidewalk and the streets and upon the property owned by some of these plaintiffs. This condition is not limited to the area surrounding the defendant's hall, but from the evidence appears to be general through out the Village of Loving and except for the increase in numbers of persons attending the public dances, bears no relation to the operation of the hall by the defendant."

The trial Court's Finding of Fact No. 14 reads as follows:

"Much of the complaint of the plaintiffs or some of them is occasioned by a failure of the law enforcement officers in Loving to enforce city ordinances against urination upon the streets, against disturbance of the peace by loud noises, failure to prevent parking in private drive ways, rather than by any acts of the defendant in the operation of his hall, it being a fact that the Village of Loving through its

Trustees having purposely refrained from taking any action to enforce the ordinances of the city having to do with actions of the patrons of the hall because of which plaintiffs complained until after a determination of this suit."

The trial Court's conclusions of law are hereinafter set forth in their entirety:

"1. Holding of dances and entertainments by the defendant and persons to whom he rents the hall results in more noise through out the Village of Loving than would be the case if such hall were not operated.

"2. The defendant has taken every reasonable means to maintain order at the dance hall and maintains as good order and decorum as can be expected at a place of entertainment of the kind offered by the defendant.

"3. That the disturbances about which plaintiffs complain are incidental to the operation of the hall by the defendant and are primarily violations of municipal ordinances which should be controlled by the police authorities of the Village of Loving.

"4. That the defendant's hall is the only place of entertainment operated regularly for the recreation of Spanish Americans throughout the Loving area, and that the dances and entertainments operated in said hall of themselves are conducted in proper manner and are not a public nuisance to the citizens of the Village of Loving or to these plaintiffs.

"5. The injunction prayed for should be denied, to all of which the parties are allowed exceptions."

■ It is clear that public dances or dance halls are not in themselves nuisances. But it is likewise a generally accepted principle of law that it may become so by reason of attendant circumstances.

The rule is stated in 66 C.J.S., Nuisances, § 28, p. 782, as follows:

"* * * Thus, a dance hall may become a nuisance by reason of surrounding circumstances * * *. By the manner in which it is conducted and by the conduct of the persons assembled in and around it, it may become a nuisance or a public nuisance."

The rule is again stated in 39 Am.Jur. 356, Sec. 86:

"Public dances or dance halls are not in themselves nuisances, but public dances or a dance hall or public dancing ground may become a nuisance because of its proximity to residences, or if it is not conducted with proper decorum, as where the dancing is accompanied by drinking, noise, or disorder."

See, also, Sipe v. Dale, 183 Okl. 127, 80 P.2d 569.

And it is also clear that it is no justification for maintaining a nuisance that other persons maintain similar nuisances or tolerate acts amounting to a nuisance in the vicinity. See 39 Am.Jur. 300, Sec. 18.

The language quoted above from the Court's findings and conclusions clearly indicates that the trial court decided the activities complained of were the primary responsibility of the village law enforcement authorities and for that reason the abatement of the acts complained of should be denied in the hope that such authorities would in the future meet with a greater measure of success in their efforts to combat the improper activities of which plaintiffs complain.

There can be little doubt that the trial Court was of the opinion that the plaintiffs were entitled to some relief from the acts complained of. This is plainly reflected by the Court's findings of fact and conclusions of law. The trial Court, nevertheless, concluded that such relief should be provided by the municipal authorities of the Village of Loving. The Loving authorities having failed to provide such relief, it is the view of this Court that the plaintiffs were entitled to seek and obtain relief from the judiciary. The mere possibility of relief from another source does not relieve the Courts of their responsibilities.

In the case of Mahone v. Autry, 1951, 55 N.M. 111, 227 P.2d 623, this Court dealt with issues similar to those here involved, and that case supports our disposition of the instant case.

The judgment of the lower Court is reversed and the cause remanded with instructions to the District Court to set aside its judgment and enter judgment for appellants and against the appellee and enjoin appellee from conducting and operating his premises in such a manner or under such conditions and circumstances so as to annoy, harass and offend appellants and others similarly situated; and plaintiffs shall recover costs, and

It is so ordered.

McGHEE, COMPTON, LUJAN, and SEYMOUR, JJ., concur.

SADLER, C. J., not participating.