380 P.2d 14

Robert C. KOEBER and Mela S. Koeber, his
wife, Dr. John W. Myers, Sandia Ranch
Sanatorium, Julia Tappan, Anne Raymond,
Archibald Napier and Vera Napier, his
wife, Lloyd L. Goff, Plaintiffs-Appellees,

v.

APEX–ALBUQ PHOENIX EXPRESS, a cor-
poration, Defendant-Appellant.

No. 7144.

Supreme Court of New Mexico.

March 18, 1963.

B. C. Hernandez, Albuquerque, for appellant.

R. F. Deacon Arledge, Albuquerque, for appellees.

NOBLE, Justice.

Apex-Albuq Phoenix Express has appealed from a judgment restraining and enjoining it from constructing, operating or maintaining a truck terminal at the premises known as 7423 Edith Boulevard, N.E. in Albuquerque, New Mexico.

Thirty-one findings of fact were adopted by the trial court, including No. 14·

"14. That the entire operation of defendant's present and proposed truck terminal amounts to a nuisance in fact and a nuisance *per se*."

■ While many other findings are attacked as being unsupported by the evidence, and even though four points have been asserted as error, we think they present only the single question of whether the evidence substantially supports the finding that operation of the truck terminal in that location would constitute a nuisance either in fact or per se. An excellent definition of such nuisances is found in Denney v. United States, 185 F.2d 108 (10th Cir., 1950), where Judge Murrah, speaking for the court, said:

"* * * Nuisances are classified as nuisances per se and nuisances in fact. A nuisance per se is generally defined as an act, occupation, or structure which is a nuisance at all times and under any circumstances, regardless of location or surroundings, while a nuisance in fact is commonly defined as an act, occupation, or structure not a nuisance per se, but one which may become a nuisance by reason of circumstances, location, or surroundings. * * *"

■ It is clear that the maintenance and operation of a truck terminal is not in and of itself and under any and all circumstances a nuisance, and does not, therefore, come within the classification of a nuisance per se. The fact, however, that the trial court erroneously found such maintenance and operation to constitute a nuisance per se does not require a reversal if there remain sufficient findings upon which to sustain the judgment. New Jersey Zinc Co. v. Local 890, 56 N.M. 447, 245 P.2d 156; Paulos v. Janetakos, 43 N.M. 327, 93 P.2d 989.

Phillips v. Allingham, 38 N.M. 361, 33 P.2d 910 quoted the following note from 7 A.L.R. 749 with approval:

**6**

"It is well settled that a court of equity may enjoin a threatened or anticipated nuisance, public or private, where it clearly appears that a nuisance will necessarily result from the contemplated act or thing which it is sought to enjoin."

■ The question here is not one limited to a mere apprehended fear that its operation might result in depreciation of the value of adjacent property which could be compensated in damages as in Phillips v. Allingham, supra. Rather, in the instant case, the effect of the trial court's findings is to make it manifest that the construction, operation and maintenance of the truck terminal at the location in question will necessarily become a nuisance, or to say the least, make it highly probable that it will become a nuisance. Under such a situation, it becomes a nuisance in fact.

This court dealt with similar issues in Mahone v. Autry, 55 N.M. 111, 227 P.2d 623 and Barrett v. Lopez, 57 N.M. 697, 262 P.2d 981, 44 A.L.R.2d 1377 and held injunction to be a proper remedy.

■ Except as to the finding regarding a nuisance per se, above referred to, the record discloses that the findings made by the trial court are supported by substantial evidence. Under such circumstances, the trial court's findings will not be disturbed on appeal. Fitzgerald v. Fitzgerald, 70 N.M. 11, 369 P.2d 398; Cochran v. Gordon,

69 N.M. 346, 367 P.2d 526; Davis v. Merrick, 66 N.M. 226, 345 P.2d 1042; Templeton v. Pecos Valley Artesian Conservancy District, 65 N.M. 59, 332 P.2d 465.

The judgment appealed from should be affirmed.

It is so ordered.

COMPTON, C. J., and CARMODY, J., concur.