661 P.2d 59
**Orville Keith SCOTT and Mildred E. Scott, Plaintiffs-Appellees,**

v.

**A.R. Pike JORDAN, Defendant-Appellant.**

**No. 5828.**

Court of Appeals of New Mexico.

Feb. 10, 1983.

Edwin B. Tatum, Walker & Tatum, Clovis, for defendant-appellant.

Dan B. Buzzard, Clovis, Sarah M. Singleton, Santa Fe, for plaintiffs-appellees.

## OPINION

DONNELLY, Judge.

Defendant, A.R. Pike Jordan, appeals from a judgment in favor of plaintiffs, Orville Keith Scott and Mildred E. Scott, determining that defendant's livestock feed-

ing operation constituted a nuisance and permanently enjoining defendant from operating his cattle feedlot in its present location.

Defendant contends on appeal that the judgment of the trial court was erroneous because: (1) the enjoined activities of defendant were not unreasonable; (2) acquiescence of plaintiffs should have precluded the granting of injunctive relief; and (3) the granting of a permanent injunction was improper. We affirm.

Plaintiffs filed suit against defendant seeking both injunctive relief and damages, alleging that defendant's operation of a cattle feeding business on property adjoining plaintiffs' residence and farm property gave rise to noxious odors, flies, and dust which constituted a nuisance and deprived them of the use and enjoyment of their property. Plaintiffs further alleged that defendant's operations had resulted in damages by reason of the loss of normal use and enjoyment of their real estate and the diminishing of the reasonable fair market value of their realty.

Plaintiffs own approximately 26.5 acres of farm land in Curry County, near Texico and Farwell. Plaintiffs' residence is located on land across the road and adjacent to the farm and livestock feedlots of defendant; they have resided on their land since August 1966. Defendant owns approximately four hundred acres of land which he purchased in 1979. The lands owned by both plaintiffs and defendant are primarily rural and agricultural in their nature.

After defendant purchased the farm adjoining the residence and lands of plaintiffs, he expanded the size of existing cattle pens located thereon and began operating a cattle feeding business comprising ten pens accommodating between 600 and 1,200 head of feeder cattle. Defendant's feedlots were located within 607 feet of plaintiffs' residence.

Defendant's answer denied that his cattle feeding business constituted a nuisance and asserted affirmative defenses of estoppel, laches and contributory negligence. Following a trial to the court, the court denied plaintiffs' requested relief for damages but granted a permanent injunction against defendant from any further operation of his cattle feeding business in its present location.

## I. *Reasonableness of Defendant's Activities*

Defendant's first point argues that his activities were not unreasonable in light of all the evidence presented and challenges the sufficiency of the evidence to support the trial court's findings that defendant's cattle feeding operations constituted a nuisance.

The trial court adopted the following findings of fact, among others.

6. The manner in which Defendant uses his property is such as to cause Plaintiffs' home to be unusable for personal habitation because of the flies, dust, and odors.

7. Defendant's use of his property is unreasonable, and it deprives Plaintiffs of the right to use and enjoy their land and home.

8. Defendant's cattle feeding operation is the proximate cause of the condition of dust, odors, and flies that the wind currents carry to Plaintiffs' property, depriving Plaintiffs of the reasonable use and enjoyment of their home.

\*      \*      \*      \*      \*      \*

10. As a result of Defendant's conduct, Plaintiffs suffer an irreparable injury.

11. Plaintiffs have no adequate remedy at law.

Defendant asserts that each of the five findings challenged above were not supported by substantial evidence. Defendant also challenged the following conclusions of law which were adopted by the trial court, contending that they were not supported by proper findings of fact:

2. Defendant's unreasonable use of his property causes injury, damage, inconvenience, annoyance, and discomfort to Plaintiffs in the legitimate enjoyment and reasonable right to property, to the detriment and health of Plaintiffs and their family.

3. Defendant's conduct in the method in which he uses his property proximately causes a nuisance.

4. Plaintiffs have no adequate remedy at law; and Defendant is enjoined permanently from the operation of his cattle feeding business in its present location.

The specific question of whether a feedlot or cattle feed pens constitute a nuisance has not been addressed in this jurisdiction. A number of jurisdictions have held that livestock feedlots or feed pens do not constitute nuisances per se. *See e.g. Botsch v. Leigh Land Co.,* 195 Neb. 509, 239 N.W.2d 481 (1976). They may however, dependent upon the particular evidence adduced, comprise a nuisance in fact.

■ As set forth in *Koeber v. Apex-Albuq Phoenix Express,* 72 N.M. 4, 380 P.2d 14, 3 A.L.R.3d 1368 (1963), nuisances are generally classified as nuisances per se or nuisances in fact. In *Koeber,* the court quoted with approval *Denney v. United States,* 185 F.2d 108 (10th Cir.1950):

> A nuisance per se is generally defined as an act, occupation, or structure which is a nuisance at all times and under any circumstances, regardless of location or surroundings, while a nuisance in fact is commonly defined as an act, occupation, or structure not a nuisance per se, but one which may become a nuisance by reason of circumstances, location, or surroundings.

Restatement (Second) of Torts § 821 D (1979) defines a private nuisance as a "nontrespassory invasion of another's interest in the private use and enjoyment of land." This same authority at § 822 sets out the elements of liability of proof of a private nuisance as follows:

> General Rule. One is subject to liability for a private nuisance if, but only if, his conduct is a legal cause of an invasion of another's interest in the private use and enjoyment of the land, and the invasion is either
>
> (a) intentional and unreasonable, or
>
> (b) unintentional and otherwise actionable under the rules controlling liability for negligent or reckless conduct, or for

abnormally dangerous conditions or activities.

A private nuisance is a civil wrong based upon a disturbance of rights in land. *Jellison v. Gleason,* 77 N.M. 445, 423 P.2d 876 (1967).

■ The trial court herein did not find defendant's cattle feeding operations to constitute a nuisance per se but did conclude that defendant's conduct did in fact constitute a nuisance. In light of defendant's challenges to the sufficiency of the evidence, we look to the record to ascertain whether the court's findings and conclusions are properly supported by the evidence.

The record before us indicates that defendant bought the farm adjoining the land of plaintiffs in 1979. Defendant began running an average of 588 cattle on the farm in November 1979, and in December 1979, he began building additions to the cattle pens which were completed in March 1980. By April 1980, defendant had an average head count of 1,764 feeder cattle on his premises. Defendant's feedlots were located approximately 600 feet from plaintiffs' home, and prevailing winds frequently blew from defendant's lands toward plaintiffs' property.

Evidence presented by plaintiffs indicated that there was such dust, flies, and noxious odors emanating from defendant's feedlots that they could not enjoy their home. The record contains several photographic exhibits admitted into evidence showing heavy infestations of flies swarming upon plaintiffs' home, and, which, according to the testimony of plaintiffs, originated from defendant's cattle feeding pens nearby. Plaintiff Mr. Scott testified that the value of his property prior to the commencement of defendant's cattle feeding operations was approximately $130,000.00 to $140,000.00 and that after defendant's expanded cattle feeding operations began the value of plaintiffs' property declined to $65,000.00.

Where factual evidence is in dispute, the trial court's findings should not be disturbed on appeal unless they are unsup-

ported by substantial evidence. *Balboa Const. Co., Inc. v. Golden,* 97 N.M. 299, 639 P.2d 586 (Ct.App.1981). The court in *Pacheco v. Martinez,* 97 N.M. 37, 636 P.2d 308 (Ct.App.1981), stated that the long established rule in this jurisdiction is that an appellate court must sustain the trial court's findings and conclusions if they are supported by substantial evidence. The reviewing court will view the facts and evidence in a light most favorable to the prevailing party, will indulge in all reasonable inferences in support of the findings, and will disregard all inferences or evidence to the contrary. When this standard is applied to the facts of this case, the evidence clearly supports the ruling of the trial court and meets the criteria for establishing the existence of a private nuisance.

■ Defendant argues that the nature of the locality where the alleged nuisance occurred is a vital factor to be considered in ascertaining whether the activity carried on by him was reasonable. Defendant argues the evidence supported a finding that the area was primarily agricultural in nature. *Mahone v. Autry,* 55 N.M. 111, 227 P.2d 623 (1951); *Dill v. Excel Packing Company,* 183 Kan. 513, 331 P.2d 539 (1958). While this is true, this was not the determinative factor before the court which bore upon the issue of whether the court should have granted an injunction. Moreover, defendant has failed to challenge the trial court's Finding of Fact No. 9, which stated: "9. The health and comfort of Plaintiffs and enjoyment of Plaintiffs and their family of their property are impaired by the actions, conduct, and methods of Defendant in the use of his property."

■ The above unchallenged finding of the court was sufficient to justify the entry of the injunction by the court and to support its conclusions of law. Findings of fact adopted by the trial court and not challenged on appeal become the facts on appeal. *Cardenas v. United Nuclear Homestake Part.,* 97 N.M. 46, 636 P.2d 317 (Ct. App.1981); *Plumbers Specialty Supply v. Enterprise Products,* 96 N.M. 517, 632 P.2d 752 (Ct.App.1981); N.M.R.Civ.App. 9(m)(2), N.M.S.A.1978 (1982 Cum.Supp.).

## II. Claim of Equitable Defenses

■ Defendant contends the trial court erred in refusing to deny relief to plaintiffs based upon his affirmative defenses of acquiescence, laches and estoppel. He argues that the trial court erred in failing to adopt certain of his requested findings of fact and conclusions of law. Defendant asserts that the trial court's findings and conclusions and its denial of his requested findings are "clearly and manifestly against the weight of the evidence, and therefore should not be sustained by this Court on appeal." This argument mistakes the function of a reviewing court on appeal and apparently seeks to have this Court weigh the evidence which was presented to the trial court. Tendered but not adopted findings of fact and conclusions of law which are inconsistent with those adopted by the trial court are properly refused. *O'Shea v. Hatch,* 97 N.M. 409, 640 P.2d 515 (Ct.App.1982).

■ Defendant asserts that the trial court erred in failing to determine that his equitable defenses had been proven, including the defense of acquiescence. Acquiescence is a species of estoppel. *Bankers' Trust Co. v. Rood,* 211 Iowa 289, 233 N.W. 794, 73 A.L.R. 1421 (1930); *Burgardt v. Lincoln National Life Insurance Co.,* 260 Iowa 667, 149 N.W.2d 292 (Iowa 1967). Acquiescence entails a knowledge of facts which will enable a party to take effectual action, *Washington Nat. Trust Co. v. W.M. Dary Co.,* 116 Ariz. 171, 568 P.2d 1069 (1977), and imports tacit consent, concurrence, acceptance or assent. *Natural Soda Products Co. v. City of Los Angeles,* 132 P.2d 553 (Cal.App.1942), aff'd 23 Cal.2d 193, 143 P.2d 12 (Cal.1943), *cert. denied,* 321 U.S. 793, 64 S.Ct. 790, 88 L.Ed. 1594 (1944). As defined in *Black's Law Dictionary,* 4th Ed. (1966), acquiescence "arises where a person who knows that he is entitled to impeach a transaction or enforce a right neglects to do so for such a length of time that, under the circumstances of the case, the other party may fairly infer that he has waived or abandoned his right."

■ Whether the defense of acquiescence has been established is a factual issue which must be decided under the facts existing in each case. *See Albuquerque Nat. Bank v. Albuquerque, etc.,* 99 N.M. 95, 654 P.2d 548 (1982). The record supports the trial court's refusal to find that plaintiffs had acquiesced in defendant's conducting of his cattle feed lot or that defendant had established a prescriptive right thereto.

■ It is for the trial court, not an appellate court on review, to determine whether the burden of persuasion has been met. A reviewing court may not pass upon the weight of the evidence, *Padilla v. Frito-Lay, Inc.,* 97 N.M. 354, 639 P.2d 1208 (Ct. App.1981), except where the evidence is documentary in nature or based upon stipulated facts. *State ex rel. State Highway Commission v. Trujillo,* 82 N.M. 694, 487 P.2d 122 (1971). When a party challenges a legal conclusion, the appropriate standard for review on appeal is whether the law was correctly applied to the facts, viewing them in a manner most favorable to the prevailing party; all reasonable inferences in support of the trial court's decision will be indulged in, and all inferences or evidence to the contrary will be disregarded. *Texas Nat. Theatres v. City of Albuquerque,* 97 N.M. 282, 639 P.2d 569 (1982). While an appellate court cannot make findings of its own, it can interpret those of the trial court to determine whether they are sufficient to support the conclusions of law upon which the judgment is based. *Powers v. Riccobene Masonry Const., Inc.,* 97 N.M. 20, 636 P.2d 291 (Ct.App.1980) *cert. quashed,* May 11, 1981.

■ The rule stated in *Albuquerque National Bank v. Albuquerque Ranch Estates, Inc., supra,* is applicable to the defenses in the instant case. There, the court held:

The evidence adduced at trial, although conflicting in part, was sufficient to sustain the findings of the trial court. Although on this same evidence the trial court could have reached a decision validating [appellant's] ... affirmative defenses and sustaining appellant's requested findings of fact and conclusions of law,

the existence of conflicting evidence is not grounds for reversal so long as the findings which were made are supported by substantial evidence. (Citations omitted.)

The evidence before the trial court was sufficient to sustain each of the findings of fact and conclusions of law adopted by the trial court. The trial court's refusal to adopt findings favorable to defendant and predicated upon defendant's affirmative defenses was not error.

### III. *Propriety of Injunctive Relief*

Defendant's final point contends that the trial court erred in granting of equitable relief favorable to plaintiffs.

■ Defendant correctly states that injunctions are harsh and drastic remedies, *La Mesa Community Ditch v. Appelzoeller,* 19 N.M. 75, 140 P. 1051 (1914), that an injunction should issue only in extreme cases of pressing necessity and only where there is a showing of irreparable injury for which there is no adequate and complete remedy at law. *Hinds Corp. v. City of Albuquerque,* 95 N.M. 311, 621 P.2d 1116 (1980); *Kennedy v. Bond,* 80 N.M. 734, 460 P.2d 809 (1969). Although defendant is correct in his assertion that the granting of injunctive relief is an extraordinary remedy and relief by this means is not to be lightly granted, plaintiffs' evidence, however, established that the pollution, flies, and noxious odors emanating from defendant's operations were oppressive and substantial in nature. A sufficient basis exists to enjoin a nuisance, if the activity complained of is continuous in nature and its frequency or constant reoccurrence renders a remedy at law inadequate except by means of multiplicity of suits. *Winrock Enter. v. House of Fabrics of N.M.,* 91 N.M. 661, 579 P.2d 787 (1978).

Defendant argues that the evidence tended to show that any nuisance caused by him was only temporary in character or seasonal. Defendant further asserts the "unbiased testimony of [his] ... expert [appraiser witness] of the diminution in fair market

value of the [Plaintiffs'] . . . property clearly dictated an award of damages rather than injunction where there were no allegations or proof that the damages calculated were inadequate under the circumstances."

The evidence presented by plaintiffs, however, was sufficient to establish that winds were of sufficient frequency and duration that they carried dust, flies, and odors from defendant's premises onto the lands of plaintiffs and made the use and habitation of plaintiffs' home unbearable. Additionally, defendant failed to challenge the trial court's Finding of Fact No. 9. In *Kriener v. Turkey Valley Community School Dist.,* 212 N.W.2d 526 (Iowa 1973), the court quoted with approval the rule enunciated in *Bates v. Quality Ready-Mix Co.,* 261 Iowa 696, 154 N.W.2d 852 (1967):

> One must use his own property so that his neighbor's comfortable and reasonable use and enjoyment of his estate will not be unreasonably interfered with or disturbed.

> \*   \*   \*   \*   \*   \*

> [T]he question whether a nuisance has been created, and maintained is ordinarily one of fact, and not of law, depending on all the attending or surrounding circumstances. Each case of this nature must depend on its own facts.

The authority to fashion injunctive relief is predicated upon the court's reservoir of equitable powers. The decision as to whether equitable relief should be granted is addressed to the sound discretion of the trial court and will not be reversed upon appeal unless clear abuse of discretion has been shown. *Hinds Corp. v. City of Albuquerque, supra; State v. First Judicial District Court,* 69 N.M. 295, 366 P.2d 143 (1961).

Defendant asserts that the trial court failed to balance the equities and consider the relative detriments and conveniences of each of the parties. A vital factor in determining whether equitable relief should be granted involves the weighing of equities between the parties. *Hinds Corp. v. City of Albuquerque, supra.*

Although it is clear that the granting of injunctive relief has precluded defendant's further operation of his cattle feeding business at its present location, the trial court has also determined in its unchallenged Finding of Fact No. 9 that the operations complained of have resulted in the impairment of "[t]he health and comfort of Plaintiffs and their family" and the enjoyment of their property. The findings adopted by the trial court indicate that he weighed the equities of the parties.

Finally, defendant contends that the trial court erred in its issuance of a permanent injunction, rather than an award of monetary damages. The evidence, however, shows that the extensive operations of defendant are continuing in nature. As stated in *Pate v. City of Martin,* 614 S.W.2d 46 (Tenn.1981), "[s]eldom, if ever, will an award of damages, standing alone, be an adequate remedy where the nuisance gives every promise of continuing and is one that can be corrected by the expenditure of labor or money."

Monetary damages are inadequate where the harm is continuing in its nature. Where damages would not be an adequate compensation for the injury injunctive relief is proper. *New Castle Orthopedic Associates v. Burns,* 481 Pa. 460, 392 A.2d 1383 (1978); *Gregory v. Sanders,* 635 P.2d 795 (Wyo.1981); *see Tayyari v. New Mexico State University,* 495 F.Supp. 1365 (D.N.M. 1980); *Jewett v. Deerhorn Enterprises, Inc.,* 281 Or. 469, 575 P.2d 164 (1978).

The trial court's judgment granting injunctive relief is affirmed. Plaintiffs are awarded costs on appeal.

IT IS SO ORDERED.

HENDLEY and LOPEZ, JJ., concur.