This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-36356

**EUGENE W. TRUJILLO,**

Worker-Appellant,

v.

**LUNA COMMUNITY COLLEGE and
NEW MEXICO PUBLIC SCHOOL
INSURANCE AUTHORITY,**

Employer/Insurer-Appellees.

**APPEAL FROM THE WORKERS' COMPENSATION ADMINISTRATION
Terry S. Kramer, Workers' Compensation Judge**

Gerald A. Hanrahan
Albuquerque, NM

for Appellant

Hoffman Kelley Lopez LLP
Jeffrey L. Federspiel
Albuquerque, NM

for Appellees

### MEMORANDUM OPINION

**ATTREP, Judge.**

**{1}** Worker Eugene Trujillo appeals from a workers' compensation order, adopting certain impairment ratings and setting partial permanent disability benefits. Determining the Workers' Compensation Judge's (WCJ) findings of fact and conclusions of law inadequate for effective appellate review, we reverse and remand to the Workers' Compensation Administration for entry of amended or additional findings and conclusions and for entry of an amended compensation order.

**BACKGROUND**

**{2}** Worker suffered an on-the-job injury to his cervical spine in October 2011 while employed by Luna Community College (Employer). Employer is insured by New Mexico Public School Insurance Authority (Insurer). In July 2014, Worker's treating physician, Dr. Miguel Pupiales, evaluated Worker for purposes of assigning an impairment rating and, based on Worker's current pathology, concluded that Worker's cervical spine injury warranted an impairment rating of 12 percent. In October 2016 Dr. Pupiales re-evaluated Worker's cervical spine injury due to a worsening of Worker's condition and concluded that Worker's cervical spine injury warranted an impairment rating of 29 percent. On the day of trial, Employer/Insurer made a request for an independent medical examination (IME). The WCJ granted the request and thereby continued the trial. Dr. Juliana Garcia was appointed to conduct the IME, which was completed in January 2017. Dr. Garcia assigned Worker's cervical spine injury an impairment rating of 7 percent. After trial, the WCJ entered a compensation order, stating, without explanation, "[t]his court accepts the 7 [percent] permanent physical impairment for cervical injury as assessed by [Dr. Garcia]." The WCJ, using the "combined values method" from the American Medical Association's Guides to the Evaluation of Permanent Impairment, Sixth Edition (AMA Guides), further found that "Worker has a 30 [percent] whole person impairment," including a 5 percent impairment rating for Worker's dysphagia, 7 percent for Worker's cervical spine, and 20 percent for Worker's psychological injuries.

**DISCUSSION**

**{3}** Worker argues: (1) the WCJ's finding of 7 percent impairment for the cervical spine injury is not supported by substantial evidence, (2) the WCJ erred in utilizing the "combined values method," as prescribed by the AMA Guides, to determine Worker's overall impairment rating, and (3) the WCJ abused his discretion in granting Employer/Insurer's request for an IME on the day of trial.

**I.      Appellate Jurisdiction**

**{4}** Before we examine Worker's arguments, we address whether we have jurisdiction over Worker's appeal. Employer/Insurer argues that this Court lacks jurisdiction to hear this appeal because there is a pending claim of bad faith still before the WCJ, making the compensation order non-final for purposes of appellate review. In response, Worker asserts that all claims of bad faith were resolved by the compensation order, and to the extent that any survived, Worker has abandoned them in order to proceed with this appeal. Given that Worker has affirmatively abandoned all potentially outstanding claims, the compensation order is a final, appealable order. *See Zuni Indian Tribe v. McKinley Cty. Bd. of Cty. Comm'rs*, 2013-NMCA-041, ¶ 16, 300 P.3d 133 (stating that an order or judgment is considered final when all issues of law and fact have been determined and the case disposed of by the lower court to the fullest extent possible). Accordingly, this Court has jurisdiction to hear Worker's appeal.

## II. Impairment Rating for Worker's Cervical Spine

**{5}** Worker's primary argument is that the WCJ erred in selecting the 7 percent impairment rating offered by Dr. Garcia because it was not supported by substantial evidence. Worker points to numerous perceived inconsistencies and admissions in Dr. Garcia's deposition testimony, which he alleges support a finding of impairment greater than 7 percent when properly evaluated against the criteria outlined in the AMA Guides. Employer/Insurer counters by arguing that the WCJ had "discretion to pick the impairment and [was not] stuck picking the impairment that is highest" and also by citing portions of Dr. Garcia's deposition testimony purporting to support her finding of a 7 percent impairment rating.

**{6}** We, however, are unable to conduct an effective review of the WCJ's compensation order because the WCJ's findings of fact and conclusions of law are insufficient. The WCJ's compensation order in this case fails to provide any explanation regarding his selection of the 7 percent impairment rating. In his order the WCJ found:

> 8. Worker has a permanent impairment as a result of the cervical injury.

> 9. There is evidence in the record to support a numerical impairment for the cervical injury of 7 [percent,] 12 [percent] or 29 [percent].

> 10. This court accepts the 7 [percent] permanent physical impairment for the cervical injury as assessed by [Dr. Garcia].

"The problem, as we see it, lies in how we are to meaningfully review the WCJ's determinations where we do not have the benefit of a fully developed case with reasoning and explanatory findings necessary to decide whether error occurred." *Sanchez v. Zanio's Foods, Inc.*, 2005-NMCA-134, ¶ 53, 138 N.M. 555, 123 P.3d 788. We are unable to engage in any meaningful review of the WCJ's selection of an impairment rating because there is no explanation, citation to the record, or citation to authority informing this Court of the basis for the WCJ's decision. *See id.* ¶ 70 (explaining that "clarity and expressed reasoning is essential to our effective and meaningful review" in our review of the compensation order).

**{7}** Were we able to review Worker's claims of error on the record before us, we would apply a whole record standard of review to determine if the WCJ's findings are supported by substantial evidence. *See id.* ¶ 9. Based on our limited review of the evidence, and without the benefit of adequate findings and conclusions, it is not clear that substantial evidence supports the WCJ's selection of a 7 percent impairment rating. Dr. Garcia's testimony seems to offer limited support for her ultimate conclusion that Worker's cervical spine warrants only a 7 percent rating, especially when contrasted with the evidence offered by Dr. Pupiales to support a 29 percent impairment rating. A ruling on this issue, however, would be impracticable given the lack of factual findings and analysis in the WCJ's order, and we decline to undertake this fact finding on our

own. *See Toynbee v. Mimbres Mem'l Nursing Home*, 1992-NMCA-057, ¶ 16, 114 N.M. 23, 833 P.2d 1204 ("[W]here the findings are insufficient to permit the reviewing court to properly decide the issues raised on appeal, justice may require that the cause be remanded for adoption of additional findings and conclusions so as to clarify a determinative issue."); *Scott v. Jordan*, 1983-NMCA-022, ¶ 22, 99 N.M. 567, 661 P.2d 59 ("[A]n appellate court cannot make [factual] findings of its own[.]"). For this reason, we reverse and remand for the WCJ to provide detailed, reasoned analysis, explanation, and/or authorities supporting his selection of an impairment rating (whether it be 7, 12, or 29 percent) for Worker's cervical spine injury, to be contained in amended or additional findings of fact and conclusions of law that are amenable to effective appellate review. *See Case v. Hanna Plumbing & Heating Co., Inc.*, No. 34,934, mem. op. ¶ 38 (N.M. Ct. App. Jul. 18, 2017) (non-precedential) (reversing and remanding where "we [we]re not adequately made aware of the WCJ's underlying bases for his determinations").

### III.     Combined Values Method

**{8}**     When a worker suffers multiple impairments related to a work-place incident, the AMA Guides provide a chart that combines separate impairment ratings to calculate an overall impairment rating (the "combined values method"). The combined values method is different than simply adding up the impairment ratings. Worker argues the WCJ erred by utilizing the combined values method, instead of simply adding all the impairment values together, because "[t]he combined values method utilized by the [AMA] Guides never results in a greater than additive value [and] almost always results in a less than additive value," thus reducing Worker's total compensation. (Internal quotation marks omitted.) Employer/Insurer responds by arguing that the AMA Guides, including the combined values method, were specifically adopted by the Legislature and serve to ensure that duplication and/or inflation of the rating is avoided. *See, e.g.*, NMSA 1978, § 52-1-24(A) (1990) (mandating that a finding of "impairment" be based upon the AMA Guides). While this issue was presented to the WCJ via Worker's proposed findings of fact and conclusions of law, the WCJ again failed to provide any analysis or rationale for applying the combined values method, merely stating in his findings:

> 16.     Using the [c]ombined [v]alues chart[,] Worker has a 30 [percent] whole person impairment resulting from the October 7, 2011[,] work accident.

For effective review, we again reverse and remand for the WCJ to specifically explain its determination that the "combined values method" is the appropriate method to calculate Worker's overall impairment rating. *See Case*, No. 34,934, mem. op. ¶ 77 (declining to reach the worker's argument regarding the application of the combined values method to calculate whole person impairment where the findings of fact and conclusions of law in the workers' compensation judge's compensation order were inadequate for appellate review).

## IV.    The WCJ's Grant of an IME on the Day of Trial

**{9}**    Finally, Worker asserts that the WCJ abused his discretion when it granted Employer/Insurer's request for an IME on the day of trial. Worker fails, however, to cite any authority for the proposition that a workers' compensation judge is divested of authority or discretion to grant an IME on the day of trial, and Worker otherwise fails to develop this argument in his brief in chief. Accordingly, we assume no such authority exists and decline to consider the contention further. *See Curry v. Great Nw. Ins. Co.*, 2014-NMCA-031, ¶ 28, 320 P.3d 482 ("Where a party cites no authority to support an argument, we may assume no such authority exists."); *see also Corona v. Corona*, 2014-NMCA-071, ¶ 28, 329 P.3d 701 ("This Court has no duty to review an argument that is not adequately developed.").

## CONCLUSION

**{10}**   For the foregoing reasons, we reverse the compensation order and remand for the WCJ to enter: (1) amended or additional findings of fact and conclusions of law based on the existing record, specifically providing detailed, reasoned analyses, explanations, and/or authorities supporting (a) the selection of an impairment rating for Worker's cervical spine injury, and (b) the choice to utilize the "combined values method" to calculate Worker's overall impairment; and (2) an amended compensation order consistent therewith.

**{11}    IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**KRISTINA BOGARDUS, Judge**