This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39486**

**BRYCE FRANKLIN,**

Petitioner-Appellant,

v.

**NEW MEXICO DEPARTMENT OF PUBLIC SAFETY and REGINA CHACON,**

Respondents-Appellees.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Francis J. Mathew, District Judge**

Bryce Franklin
Hobbs, NM

Pro Se Appellant

Leonard Law Office, LLC
Keitha A. Leonard
Tesuque, NM

for Appellees

## MEMORANDUM OPINION

**ATTREP, Judge.**

**{1}** Petitioner appeals a final order denying his petition seeking a writ to enforce the Inspection of Public Records Act (IPRA), NMSA 1978, §§ 14-2-1 to -12 (1947, as amended through 2019). [MIO PDF 1] This Court issued a notice of proposed disposition proposing to affirm on each of the four issues asserted in Petitioner's docketing statement. Petitioner has filed a memorandum in opposition to our proposed disposition in which he continues to assert that Respondent New Mexico Department of Public Safety (the Department) should have included a cover letter with its response to his IPRA request, that the IPRA response was incomplete, and that the Department

should have treated his petition seeking a writ of mandamus as a new IPRA request, triggering a new duty to respond pursuant to IPRA. Unlike his docketing statement, Petitioner's memorandum does not assert that the district court erred by denying his writ petition despite purportedly granting a portion of the relief requested therein, and we consider that issue abandoned. *See State v. Johnson*, 1988-NMCA-029, ¶ 8, 107 N.M. 356, 758 P.2d 306 (providing that an issue is deemed abandoned where a party does not respond in opposition to the proposed disposition of the issue). Petitioner's memorandum also raises new issues involving factual and evidentiary matters, which we construe as a motion to amend the docketing statement. For the reasons discussed below, we deny that motion. Petitioner also has filed a separate motion seeking an order directed toward prison officials who are not parties to this case, which is also denied for reasons discussed below. Having duly considered Petitioner's memorandum, we remain unpersuaded and affirm.

**{2}** With regard to Petitioner's claim that the Department should have drafted and included a cover letter with the CD it sent in response to his IPRA request, our notice of proposed summary disposition noted that Petitioner

> cite[d] no authority for the proposition that an IPRA response must be accompanied by a cover letter, and this Court is aware of no such authority. *See Curry v. Great Nw. Ins. Co.*, 2014-NMSC-031, ¶ 28, 320 P.3d 482 ("Where a party cites no authority to support an argument, we may assume no such authority exists."). As Petitioner offers no support for his suggestion that IPRA records must be accompanied by a cover letter, this issue need not be addressed on appeal and we propose to affirm the district court's conclusion that the absence of a cover letter in the Department's IPRA response did not amount to an IPRA violation. *See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 (holding that issues "unsupported by cited authority will not be reviewed by us on appeal").

[CN 2] In his memorandum in opposition to that disposition, Petitioner continues to cite no authority for this proposition, and instead merely suggests that it was unreasonable to send a CD without a cover letter. We note that IPRA requires that records custodians "provide proper and reasonable opportunities to inspect public records," § 14-2-7(C), but we remain unaware of any authority holding that reasonableness in this context requires the inclusion of a cover letter.

**{3}** With regard to his claim that the Department's response to his request was incomplete, we now understand Petitioner to be asserting that the Department failed to respond to the last sentence of his IPRA request, which said, "Also, let me know what a hard copy would cost." [MIO PDF 11] It appears Petitioner is asserting that this request for a cost estimate amounted to a request for both electronic and printed copies of the records he was seeking pursuant to IPRA. [MIO PDF 12-13] Pursuant to the relevant statutes, a records custodian may charge a reasonable fee for copying public records and may require advance payment of that fee. Section 14-2-9(C). As a result, it is

proper for a custodian to respond to an IPRA request seeking paper documents with a bill for the costs associated with responding to that request. *Id.*

**{4}** Petitioner's memorandum argues that, since a request for documents can result in a bill for costs, a request for a bill of costs should be treated as a request for documents. [MIO PDF 12] We hold, however, that a request for a bill of costs is not a request for documents; it is a request for a bill of costs. In this case, the Department responded by sending the electronic documents Petitioner requested to the address Petitioner provided. Having done so, the Department complied with IPRA.

**{5}** The third issue in Petitioner's docketing statement asserted error based upon a theory that the Department became aware that Petitioner did not receive its response to his IPRA request when he filed his writ petition and that a new duty to respond to that request was triggered by that notice. [DS PDF 9] Addressing this issue, our notice of proposed summary disposition noted that Petitioner was asserting

> error in the district court's failure to grant a writ on the basis of events that occurred after he filed the writ petition that is the subject of this appeal. Petitioner's docketing statement does not direct us to any rule or case suggesting that a writ should be granted under such circumstances. *See* Rule 12-208(D)(5) NMRA (requiring appellants to cite authorities in support of their contentions); *Curry*, 2014-NMSC-031, ¶ 28.

[CN 4] Petitioner's memorandum continues to cite no authority for the proposition that the district court could have granted the relief sought in his petition based upon events occurring after that petition was filed rather than upon the actual facts alleged in the petition. As we remain unaware of any such authority, we conclude that the district court properly decided this case based upon the facts contained in the petition.

**{6}** Finally, Petitioner's memorandum raises evidentiary and factual matters not addressed in his docketing statement. [MIO PDF 5-10] Those issues involve the evidence upon which the district court based findings regarding the Department's response to Petitioner's IPRA request as well as an issue related to Petitioner's opportunity to cross-examine two affiants. [Id.] It thus appears Petitioner is seeking to amend his docketing statement in order to raise new issues. *See* Rule 12-208(F) (authorizing this Court to allow amendment of the docketing statement "on good cause shown"). When an appeal has been assigned to the summary calendar this Court will grant a motion to amend the docketing statement to include additional issues if

> (1) [i]t is timely; (2) [i]t states all facts material to a consideration of the new issues sought to be raised; (3) [i]t states those issues and how they were preserved or shows why they did not have to be preserved; (4) [i]t states the reason why the issues were not originally raised and shows just cause or excuse for not originally raising them; and (5) [i]t complies in other respects with the appellate rules.

*State v. Rael*, 1983-NMCA-081, ¶ 15, 100 N.M. 193, 668 P.2d 309.

**{7}** Petitioner's memorandum, however, neither explains how all of these new issues were presented to the district court nor makes any attempt to explain why the issues he now seeks to raise were not originally raised in the docketing statement. *See Woolwine v. Furr's, Inc.*, 1987-NMCA-133, ¶ 20, 106 N.M. 492, 745 P.2d 717 (explaining that "[t]o preserve an issue for review on appeal, it must appear that [the] appellant fairly invoked a ruling of the trial court on the same grounds argued in the appellate court"); *State v. Gallegos*, 1989-NMCA-066, ¶ 45, 109 N.M. 55, 781 P.2d 783 (denying an amendment of a docketing statement where the sole basis for raising new issues was that they had previously been omitted "due to inadvertence"). As Petitioner does not fully explain how his new issues were preserved below and offers no explanation for the omission of these factual and evidentiary issues from his original docketing statement, we conclude he has not shown good cause for an amendment. Accordingly, his request to amend the docketing statement to raise these new issues is denied.

**{8}** Finally, Petitioner also has filed a motion asking this Court to order the warden of the facility in which he resides to take specific actions. That motion asserts facts involving events that have occurred since Petitioner filed this appeal. Those facts have not been the subject of any proceeding before the district court, and do not appear in the record on appeal. As a general rule, matters outside the record present nothing for this Court to review. *Kepler v. Slade*, 1995-NMSC-035, ¶ 13, 119 N.M. 802, 896 P.2d 482. Further, this Court is in no position to make factual findings. *See State ex rel. Dep't of Hum. Servs. v. Williams*, 1989-NMCA-008, ¶ 7, 108 N.M. 332, 772 P.2d 366 (explaining that factual questions must be resolved by trial courts, and not appellate courts); *Scott v. Jordan*, 1983-NMCA-022, ¶ 22, 99 N.M. 567, 661 P.2d 59 (noting that "an appellate court cannot make findings of its own"). As a result, the issues raised in Petitioner's pending motion are not properly before this Court, and the motion must be denied.

**{9}** For the foregoing reasons, Petitioner's pending motion is denied and the district court's order is affirmed.

**{10}  IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**MEGAN P. DUFFY, Judge**