2008-NMCA-034

179 P.3d 1245

Cynthia A. **LEONARD,** Worker/Appellant,

v.

**PAYDAY PROFESSIONAL/BIO–CAL COMP.,** CNA Unisource/Continental Casualty Company, Employer/Insurer–Appellees.

**No. 26,927.**

Court of Appeals of New Mexico.

Jan. 10, 2008.

Certiorari Denied, No. 30,895, Feb. 25, 2008.

Patrick Larkin Fogel, Albuquerque, NM, for Appellant.

Hatch, Allen & Shepherd, P.A., Kimberly A. Syra, Albuquerque, NM, for Appellee CNA Unisource/Continental Casualty Company.

French & Associates, P.C., Katherine E. Tourek, Albuquerque, NM, for Appellee Payday Professional/BIO–CAL Comp.

## OPINION

BUSTAMANTE, Judge.

{1} This is a workers' compensation case in which the workers' compensation judge (WCJ) apportioned liability for Worker's medical expenses among two employers, Payday Professional/Bio–Cal Comp. (Payday) and CNA Unisource/Continental Casualty Company (CNA), in a compensation order. The compensation order stated that Worker needed back surgery and directed CNA to cover the expenses for that surgery. CNA indicated its intent to appeal the compensation order and requested that the WCJ approve a supersedeas bond to stay the judgment. Worker filed a motion for injunctive relief requesting that the WCJ order CNA to pay for Worker's surgery immediately. The WCJ denied Worker's motion for injunctive relief on the ground that the Workers' Compensation Administration (WCA) has no authority to issue injunctions. The WCJ approved CNA's supersedeas bond and stayed the compensation order.

{2} The question presented is whether the WCJ had the authority to enjoin CNA to pay for Worker's surgery immediately. We hold that the WCJ had no such authority.

## BACKGROUND

{3} Worker suffered successive injuries to her back. The first injury took place in 1997 during Worker's employment at Payday. Worker suffered the second injury in 1999 while working for CNA. An orthopedic surgeon recommended that Worker undergo back surgery following the second injury.

{4} Worker filed separate workers' compensation complaints against the employers, and the cases were eventually consolidated. The matter went to trial and the WCJ entered a compensation order directing Payday and CNA to share the expenses for Worker's non-surgical medical care and instructing CNA to cover the cost of Worker's back

surgery. CNA indicated that it would appeal the compensation order and sought the WCJ's approval of a supersedeas bond in order to stay the judgment while the appeal was pending. In response, Worker filed a motion for injunctive relief requesting that the WCJ order CNA to pay for Worker's surgery immediately and alleging that Worker would suffer irreparable harm if she were forced to wait out the appeal before receiving surgical care. The WCJ denied Worker's motion for injunctive relief on the ground that the WCA had no authority to issue injunctions. The WCJ approved CNA's supersedeas bond and stayed the compensation order.

{5} Several appeals ensued. CNA appealed the WCJ's ruling apportioning Worker's surgical and non-surgical medical benefits. Worker cross-appealed the denial of her motion for injunctive relief, as well as the WCJ's ruling on attorney fees. We consolidated the appeals regarding apportionment and attorney fees and issued an opinion affirming the WCJ on those issues. *See Leonard v. Payday Prof'l*, 2007–NMCA–128, 142 N.M. 605, 168 P.3d 177 [hereinafter *Leonard I*]. The present appeal solely concerns Worker's motion for injunctive relief.

{6} Worker points out that, when multiple employers dispute their potential liability for a worker's injury, the Workers' Compensation Act, NMSA 1978, §§ 52–1–1 to –70 (1929, as amended through 2007) (the Act), provides no mechanism by which a worker can force the employers to provide treatment until the dispute is resolved. Thus, when CNA filed its appeal, Worker was left with no means to obtain the surgery that the WCJ concluded she needed. Worker argues that the WCJ should have the authority to force employers to provide immediate medical treatment under these circumstances. Worker correctly asserts that CNA could have provided her with surgical care while reserving its right to reimbursement from Payday pending the outcome of the appeal. Worker also notes that, prior to the enactment of the Act, the district courts handled workers' compensation claims and had the authority to grant injunctive relief in connection with those claims. Thus, Worker argues, the complete jurisdiction over workers' compensation cases that was divested from the district courts and given to the WCA should include the power to issue injunctions.

{7} In light of our opinion in *Leonard I* affirming the WCJ's apportionment of Worker's medical benefits, we first address whether Worker's present appeal is moot. We then discuss whether the WCJ had the authority to force CNA to provide for Worker's surgery through an injunction.

## DISCUSSION

### A. Mootness

{8} "An appeal is moot when no actual controversy exists, and an appellate ruling will not grant the appellant any actual relief." *State v. Sergio B.*, 2002–NMCA–070, ¶ 9, 132 N.M. 375, 48 P.3d 764. However, "[a]n appellate court can review moot cases which present issues of substantial public interest or which are capable of repetition yet evade review." *State ex rel. CYFD v. Amanda H.*, 2007–NMCA–029, ¶ 14, 141 N.M. 299, 154 P.3d 674.

{9} The present appeal is moot. Because we affirmed the WCJ's apportionment ruling requiring CNA to pay for Worker's surgery in *Leonard I*, Worker is no longer in need of an injunction requiring CNA to pay for her surgery. We therefore cannot provide Worker any actual relief beyond that ordered in *Leonard I*.

{10} However, the procedural scenario that evolved in this case is capable of repetition while evading review, as long as the issue of whether a WCJ can grant injunctive relief remains open. The issue of injunctive relief will necessarily become moot by the time an appellate court decides the liability issue. Because this issue is of substantial public interest and is capable of repetition, yet evading review, we address the merits of Worker's appeal.

### B. The WCJ Did Not Have the Authority to Grant Injunctive Relief

{11} Whether the WCJ had the authority to grant Worker's motion for injunctive relief is a question of law that we review de novo. *See Phelps Dodge Tyrone, Inc. v. N.M. Water Quality Control Comm'n*, 2006–NMCA–115, ¶ 11, 140 N.M. 464, 143 P.3d 502 (reviewing question regarding ex-

tent of agency's statutory authority de novo). "The authority of an administrative agency ... is not limited to those powers expressly granted by statute, but includes all powers that may be fairly implied therefrom." *N.M. Dep't of Health v. Ulibarri,* 115 N.M. 413, 416, 852 P.2d 686, 689 (Ct.App.1993). "However, an administrative agency may not exercise authority beyond the powers that have been granted to it." *Kilmer v. Goodwin,* 2004-NMCA-122, ¶ 24, 136 N.M. 440, 99 P.3d 690.

{12} We conclude that the Act does not confer upon a WCJ the authority to issue injunctions for at least two reasons. First, the Act does not expressly grant such power. The legislature specifically set forth the authority of a WCJ in the Workers' Compensation Administration Act (WCAA), NMSA 1978, §§ 52-5-1 to -22 (1987, as amended through 2004), as follows:

> The [WCJ] shall have the power to preserve and enforce order during hearings; administer oaths; issue subpoenas to compel the attendance and testimony of witnesses, the production of books, papers, documents and other evidence or the taking of depositions before a designated individual competent to administer oaths; examine witnesses; enter noncriminal sanctions for misconduct; and do all things conformable to law which may be necessary to enable him to discharge the duties of his office effectively.

§ 52-5-6(B). The WCAA does not expressly grant a WCJ the authority to issue injunctions.

{13} Second, the Act contemplates the issuance of an injunction in one, limited circumstance and requires the director of the WCA to seek the injunction from a district court. *See* § 52-1-62(A) (enabling the director to seek an injunction in district court when an employer fails to comply with a provision of the Act relating to the filing of a certificate of insurance). The fact that the legislature chose to address injunctive relief in Section 52-1-62, but not in Section 52-5-6(B), suggests that the legislature did not intend to grant equitable powers to a WCJ. Additionally, and perhaps more importantly, the fact that the director must seek injunctive relief through the district court under Section 52-1-62 suggests that the WCA in its

entirety lacks equitable powers; otherwise, there would be no need to seek an injunction through the district court.

{14} "[I]njunctions are harsh and drastic remedies ... that ... should issue only in extreme cases of pressing necessity and only where there is a showing of irreparable injury for which there is no adequate and complete remedy at law." *Scott v. Jordan,* 99 N.M. 567, 572, 661 P.2d 59, 64 (Ct. App.1983). "The authority to fashion injunctive relief is predicated upon the court's reservoir of equitable powers." *Id.* at 573, 661 P.2d at 65. In light of the statutory provisions cited above, we conclude that the WCJ had no "reservoir of equitable powers" and thus did not have the authority to grant Worker's motion for injunctive relief.

## CONCLUSION

{15} The WCJ's denial of Worker's motion for injunctive relief is affirmed.

{16} **IT IS SO ORDERED.**

WE CONCUR: JONATHAN B. SUTIN, Chief Judge, and LYNN PICKARD, Judge.