This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**NANCY FLEMING**,

Petitioner-Appellee,

v.                                                                              **No. 31,907**

**JACQUELINE L. COOPER, in her capacity as the acting New Mexico Chief Public Defender,**

Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**C. Shannon Bacon, District Judge**

Nancy Fleming
Las Cruces, NM

Pro Se Appellee

Miller Stratvert, P.A.
Paula G. Maynes
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Judge.**

**{1}** This is an appeal from a district court order granting Petitioner a writ of mandamus ordering the New Mexico Public Defender Department (the Department) to reinstate Petitioner to her employment as an assistant public defender. During the pendency of the appeal, however, Petitioner retired, making the controversy between the parties moot. We therefore dismiss the appeal.

**BACKGROUND**

**{2}** The Department intended to terminate Petitioner, a career public defender with twelve years' experience on the job. The Department was required to issue a notice of contemplated action (NCA) informing Petitioner of the contemplated dismissal and the conduct forming the basis for the contemplated dismissal. 1.7.11.13(A)(1) NMAC. Petitioner then had an opportunity to respond in writing to the NCA. 1.7.11.13(B)(2) NMAC. If Petitioner responded in writing, and the Department still intended to terminate Petitioner, it was required to issue a notice of final action (NFA), and it was required to do so "no later than 11 calendar days from the date of receipt of the response." 1.7.11.13(C)(2) NMAC. Petitioner would then have a right to appeal the dismissal to the State Personnel Board for an administrative hearing. 1.7.12.8 NMAC.

**{3}** Here, the Department issued a NCA, and Petitioner responded. However, the Department did not issue the NFA within the required 11 calendar days, "due to an

internal miscommunication." Instead, the Department simply issued a second NCA with allegations identical to those in the first NCA. The second NCA was issued twenty-eight days after Petitioner initially responded to the first NCA. Petitioner objected, but responded to the second NCA, and within eleven days of Petitioner's response, the Department terminated Petitioner.

{4} Petitioner filed an action in the district court, and following an evidentiary hearing, the district court concluded that the NFA deadline is mandatory. Having failed to comply with the deadline, the Department was barred from taking disciplinary action against Petitioner for the conduct alleged in the first NCA. The district court issued a writ of mandamus ordering Petitioner's reinstatement. The appeal before us is brought by the Department challenging issuance of the writ.

{5} Circumstances in this case have changed since the Department appealed. The Department filed a "notice of recent change in fact" (Notice) informing us that Petitioner has retired. Nevertheless the Department asserts in the Notice that we should still address the merits, on grounds that the case presents an issue of substantial public interest and because the issue raised is likely to recur, while evading review.

{6} At oral argument, Petitioner contended that this case is moot. The Department acknowledged that the case is moot, but again asserted that we should nevertheless

3

address the merits on grounds that this case presents an issue of substantial public interest and raises questions that are likely to recur while evading review. We agree that this case is moot and disagree with the Department that we should nonetheless decide the merits.

**DISCUSSION**

**{7}** In general, we dismiss an appeal when the issues in the case have become moot. *Howell v. Heim*, 1994-NMSC-103, ¶ 7, 118 N.M. 500, 882 P.2d 541 (citing *Mowrer v. Rusk*, 1980-NMSC-113, ¶ 13, 95 N.M. 48, 618 P.2d 886). "A case is moot when no actual controversy exists, and the court cannot grant actual relief." *Gunaji v. Macias*, 2001-NMSC-028, ¶ 9, 130 N.M. 734, 31 P.3d 1008 (internal quotation marks and citations omitted).

**{8}** In this case, no actual controversy exists because Petitioner has retired. Therefore, a ruling that the district court improperly issued a writ of mandamus would not grant the Department any relief since it cannot continue disciplinary proceedings to terminate an employee that it no longer employs. *See Leonard v. Payday Prof'l/Bio-Cal Comp.*, 2008-NMCA-034, ¶ 9, 143 N.M. 637, 179 P.3d 1245 (holding that the appeal was moot where this Court could not provide the appellant with any actual relief).

**{9}** However, we may decide cases with moot issues "if they are issues of substantial public interest, and capable of repetition, yet evading review." *Howell*, 1994-NMSC-103, ¶ 7 (internal quotation marks and citation omitted). "A case presents an issue of substantial public interest if it involves a constitutional question or affects a fundamental right such as voting." *Republican Party of N.M. v. N.M. Taxation & Revenue Dep't*, 2012-NMSC-026, ¶ 10, 283 P.3d 853. "An issue is 'capable of repetition' yet evading review if the issue is likely to arise in a future lawsuit, regardless of the identity of the parties." *Id.* Whether we decide a moot case that fits within either category is within our discretion. *Id.* ("The Court's review of moot cases that either raise an issue of substantial public interest or are capable of repetition yet evading review is discretionary."); *Riesenecker v. Arkansas Best Freight Sys.*, 1990-NMCA-100, ¶ 8, 110 N.M. 451, 796 P.2d 1147 ("[E]ven when events have mooted the dispute between the parties, New Mexico courts possess discretion whether to proceed to decide appellate issues that are matters of substantial public interest.").

**{10}** The Department argues that "[w]hether State employers are prohibited from curing procedural errors or amending notices of proposed discipline is an issue of substantial public interest." In addition, the Department argues that the questions raised in this case are likely to recur, asserting that many of the numerous disciplinary

actions filed by State employers each year are likely to have "procedural flaws." We disagree that either exception applies in this case.

{11} First, we are not persuaded that the issue in this case rises to the requisite level of public interest to overcome the mootness doctrine. In its Notice and at oral argument, the Department constructs hypothetical circumstances that it contends demonstrate why we should address the merits of this case. These include the need for a State employer to amend a NCA to remove or add allegations or to fix a typographical error, which the Department argues would be impermissible under the district court's ruling. However, the hypothetical scenarios the Department raises are not the situation before us, and by addressing the hypotheticals raised by the Department, we would only be issuing an advisory opinion. In this case, the Department simply failed to issue the NFA within the mandatory eleven-day deadline with no explanation other than "an internal miscommunication," and we presume that in other cases, State employers will abide by this mandatory rule in the New Mexico Administrative Code (NMAC).

{12} Second, although it is possible that a State employer will commit the same type of oversight that transpired in this case in the future, it is not the type systemic controversy that is likely to recur yet evade review. We have no indication that all employees in similar circumstances will be retired before the case can be decided. *See*

6

*contra Gunaji*, 2001-NMSC-028, ¶¶ 9-10 (determining that the term of office in contested elections were likely to expire in future controversies as it did in the moot case before the Court); *Wilcox v. N.M. Bd. of Acupuncture & Oriental Med.*, 2012-NMCA-106, ¶ 10, 288 P.3d 902 (deciding to determine whether a board's "emergency regulations" met the definition for "emergency" even though the regulations had expired several years before because "an administrative agency's emergency regulations will more often than not have expired by the time an appeal reaches this Court, thus evading review of an action based on powers that a board would use again when promulgating emergency regulations in other instances").

{13} We also note that when the appeal was filed, the Department was an administrative agency under the executive branch of the government, subject to the State personnel rules codified in the NMAC. However, after the appeal was filed, voters approved a constitutional amendment to create the Department as an independent State agency to be overseen by the also newly created Public Defender Commission. *See* N.M. Const. art. VI, § 39. It is not known whether the identical provisions of the NMAC apply to the new employing entity.

{14} For the foregoing reasons, we decline to address the merits of the dispute between the parties, which is now moot.

**CONCLUSION**

{15}    The appeal is dismissed.

{16}    **IT IS SO ORDERED.**

_____
                                                                **MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____
**RODERICK T. KENNEDY, Chief Judge**

_____
**LINDA M. VANZI, Judge**