This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**LIVING CROSS AMBULANCE SERVICE, INC.,**

Plaintiff-Appellant/Cross-Appellee,

v.                                                      **No. A-1-CA-35298**

**VALENCIA COUNTY REGIONAL EMERGENCY COMMUNICATIONS CENTER and VILLAGE OF LOS LUNAS,**

Defendants-Appellees/Cross-Appellants,

and

**BOARD OF COUNTY COMMISSIONERS OF VALENCIA COUNTY,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF VALENCIA COUNTY**
**James Lawrence Sanchez, District Judge**

Chavez Law Firm, P.C.
Steven M. Chavez
Peralta, NM

Law Office of Joseph E. Earnest
Joseph E. Earnest
Tesuque, NM

for Appellant/Cross-Appellee

Griego & Guggino
Laurence P. Guggino, Jr.
Los Lunas, NM

Montgomery & Andrews, P.A.
Stephen S. Hamilton
Kari E. Olson
Santa Fe, NM

for Appellees/Cross-Appellants

Spence Law Firm NM, LLC
Dennis K. Wallin
Albuquerque, NM

Law Office of Mark W. Allen, LLC
Mark W. Allen
Albuquerque, NM

for Defendant-Appellee

## MEMORANDUM OPINION

**BOHNHOFF, Judge.**

{1}      Plaintiff Living Cross Ambulance Service, Inc. (LCAS), sought declaratory and injunctive relief that Defendant Valencia County Regional Emergency Communications Center (VCRECC), which operates the enhanced 911 emergency reporting system in Valencia County, and its constituent local governments, lacked statutory authorization to charge LCAS a fee for providing medical emergency dispatch service, and further that the New Mexico Constitution's Anti-Donation

Clause, N.M. Const. art IX, § 14, would not prohibit VCRECC from providing the service without charging a fee. On cross-motions for summary judgment, the district court ruled against LCAS and in favor of the Defendants on both of those issues. However, the district court ruled in LCAS's favor that the fees VCRECC had retroactively assessed against LCAS were invalid. LCAS appealed the district court's ruling on the statutory authorization and Anti-Donation Clause issues, and Defendants VCRECC and Village of Los Lunas appealed the district court's ruling on the validity of the retroactive fees.

{2}     Prior to the September 20, 2017, oral argument in this matter, it came to the Court's attention that LCAS had ceased operations in Valencia County in early 2017. At oral argument the Court questioned whether this appeal and any relief that could be obtained by LCAS herein would be moot in the event it never resumed operations and its certificate issued by the New Mexico Public Regulation Commission (NMPRC) and authorizing it to provide ambulance service, *see* NMSA 1978, § 65-2A-8 (2013), was revoked or terminated. Counsel for LCAS advised the Court that, because the company was attempting to sell its business and the certificate had value in connection with a potential sale, the appeal was not moot notwithstanding the fact that it had ceased operations.

{3} By order entered on June 22, 2018, LCAS was directed to file a supplemental brief explaining the status since January 2017, including current status, of its business, certificate, and any sale of the business; addressing whether LCAS still intends to (a) maintain its certificate and continue to provide ambulance service in Valencia County or (b) sell its business along with the certificate; and addressing whether, under those circumstances, this appeal is moot. Appellees were permitted to file a responsive brief. Both sides have filed supplemental briefs in accordance with the Court's order. For the reasons set forth below, we conclude that this appeal is moot and will be dismissed.

{4} LCAS discloses in its supplemental brief that it voluntarily applied to the NMPRC on January 25, 2017, to suspend its certificate, and the agency granted the application on March 15, 2017. LCAS advises that such a voluntary suspension is "valid for no more than twelve months and[,] if the certificate is not being used, it is subject to cancellation thereafter." LCAS further discloses that it has been unable to sell its certificate or its business, and it "is no longer in business and its certificate will be canceled by the NMPRC[.]"

{5} Given that LCAS will not resume operations in Valencia County, the Court concludes that the relief that LCAS seeks in its complaint—a declaration that VCRECC lacks statutory authorization to charge LCAS a fee for providing medical

emergency dispatch service, and further that the New Mexico Constitution's Anti-Donation Clause would not prohibit VCRECC from providing the service without charging a fee—would not provide LCAS with any actual relief. Thus, LCAS's appeal of the district court's dismissal of its request for such a declaration is moot. *See Leonard v. Payday Prof'l/Bio-Cal Comp.*, 2008-NMCA-034, ¶ 8, 143 N.M. 637, 179 P.3d 1245 (holding that "[a]n appeal is moot when no actual controversy exists, and an appellate ruling will not grant the appellant any actual relief" (internal quotation marks and citation omitted)); *cf. Suburban Tel. Co. v. Mountain States Tel. & Tel. Co.*, 1963-NMSC-121, ¶ 3, 72 N.M. 420, 384 P.2d 690 (appeal dismissed as moot following determination that appellant telephone company had no right to provide service that was the subject of underlying mandamus proceeding).

{6}     LCAS does not argue to the contrary. Rather, LCAS contends only that, because VCRECC in its cross-appeal seeks reversal of the district court's summary judgment ruling invalidating the fees that VCRECC sought to recover from LCAS, "[a]n actual controversy exists regarding the LCAS's alleged debt of dispatch fees for which this Court can grant a justiciable remedy." However, in their responsive supplemental brief, cross-appellants VCRECC and Village of Los Lunas state that, given that LCAS "1) is out of business, 2) expects to stay out of business, and 3) has no buyers for its ambulance business," they will not pursue their cross-appeal if LCAS's appeal is

dismissed as moot. In view of this commitment, LCAS's argument that this proceeding is not moot is meritless.

**{7}**      LCAS also argues that two recognized exceptions to dismissal of a legal proceeding on grounds of mootness are present here, specifically, that this appeal involves issues of substantial public interest and those issues are capable of repetition yet evading review. *See Leonard*, 2008-NMCA-034, ¶ 8 (stating that "an appellate court can review moot cases which present issues of substantial public interest or which are capable of repetition yet evade review" (alteration, internal quotation marks, and citation omitted)). The issues in question, as LCAS frames them, are "whether non-home rule local governments have a statutorily implied power to impose the 'pay-to-play,' non-regulatory fee on private ambulance companies for emergency 911 . . . medical dispatch service" and "whether the Anti-Donation Clause . . . is a lawful justification to assess the fee." While we do not question that these are serious issues, they do not rise to the level of substantiality that is the basis for recognizing an exception to the mootness doctrine. Further, given the relative narrowness of the issues identified by LCAS, and the lack of any showing that providers of emergency 911 medical dispatch service have fee disputes with ambulance companies elsewhere in this state, we are not persuaded that there is a significant likelihood that these issues

will come up again in the future, much less in circumstances that will result in them evading review at that time.

{8}     For the foregoing reasons, we dismiss LCAS's appeal and VCRECC's and the Village of Los Lunas's cross-appeal as moot.

{9}     **IT IS SO ORDERED.**

_____
**HENRY M. BOHNHOFF, Judge**

**WE CONCUR:**

_____
**JULIE J. VARGAS, Judge**

_____
**STEPHEN G. FRENCH, Judge**