| NACKERS V. FRASER |
|---|

This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**CHRISTINE NACKERS and WILLIAM NACKERS,**
**Plaintiffs-Appellees,**
**v.**
**JOHN RANDALL FRASER and CINDY TODD FRASER,**
**Defendants-Appellants.**

Docket No. A-1-CA-37312
COURT OF APPEALS OF NEW MEXICO
May 20, 2019

APPEAL FROM THE DISTRICT COURT OF LOS ALAMOS COUNTY, Raymond Z. Ortiz, District Judge

**COUNSEL**

Peter L. Bruso, Santa Fe, NM for Appellees

Hans Voss, Santa Fe, NM for Appellants.

**JUDGES**

JULIE J. VARGAS, Judge. WE CONCUR:  LINDA M. VANZI, Judge JENNIFER L. ATTREP, Judge

**AUTHOR:** JULIE J. VARGAS

**MEMORANDUM OPINION**

**VARGAS, Judge.**

**{1}** Defendants appeal from several district court orders. This Court's notice of proposed disposition proposed to summarily affirm,  in part, because the issues raised on appeal were moot. Defendants' memorandum in opposition to the proposed disposition argues that this Court should address the issues based on recognized exceptions to mootness. [MIO 2] Unpersuaded by Defendant's arguments, we affirm.

**{2}** "This Court may review moot cases that present issues of (1) substantial public interest or (2) which are capable of repetition yet evading review." *Cobb v. State Canvassing Bd.*, 2006-NMSC-034, ¶ 14, 140 N.M. 77, 140 P.3d 498; *State ex rel. Children, Youth & Families Dep't v. Amanda H.*, 2007-NMCA-029, ¶ 14, 141 N.M. 299, 154 P.3d 674 ("An appellate court can review moot cases which present issues of substantial public interest or which are capable of repetition yet evade review."). Our review of moot cases that raise an issue either of substantial public interest or capable of repetition yet evading review is discretionary. *See Cobb*, 2006-NMSC-034, ¶ 14 (noting that appellate courts "may review moot cases" that fall within at least one of the two exceptions).

**{3}** As to the first exception, Defendants contend that clarifying what types of actions by an adjoining property owner are, or are not, adequate to support a district court's exercise of injunctive authority against that adjoining property owner is an issue of substantial public interest. [Id.] Defendants urge us to so hold because the issue implicates one's freedom to enjoy and control their private property. [MIO 2] Defendants also contend that the appropriate manner by which to bring an objection to a question asked of a deponent during a deposition is an issue of substantial public interest. [MIO 3] We disagree. "A case presents an issue of substantial public interest if it involves a constitutional question or affects a fundamental right such as voting." *Republican Party of N.M. v. N.M. Taxation & Revenue Dep't*, 2012-NMSC-026, ¶ 10, 283 P.3d 853. We are not persuaded that the issues raised here are of the kind that rise to the level of substantial public interest.

**{4}** Defendants further assert that errors in issuing a preliminary injunction and ruling on objections raised in a deposition are capable of repetition yet evade review. [MIO 3-4] Defendants analogize to *Gunaji v. Macias*, where the Supreme Court found that human error in the election process was capable of repetition yet evades review because the terms of office could expire before any error could be reviewed on appeal. 2001-NMSC-028, ¶ 10, 130 N.M. 734, 31 P.3d 1008. We are not persuaded this case supports Defendants' contention that the propriety of the district court's rulings on objections made in a deposition evades review. Defendants do not point to any unique or unusual rulings outside the scope of the rules governing such objections that compel us to conclude that appellate review is necessary. *See* Rule 1-030(C), (D) NMRA (providing for examination and cross-examination, objections, and limitations to examination during a deposition).

**{5}** As to the issuance of the injunction, Defendants contend that after an individual has been enjoined for many months or years, the district court can dissolve the injunction, rendering the issue moot for purpose of review at the appellate level. [Id.] Defendants assert that given the district court's broad authority, combined with the numerous actions for injunctions, the kind of error claimed here is capable of repetition yet evades review. [MIO 3-4] We disagree. The very nature of a preliminary injunction in this context is such that they are often not subject to appellate review. A temporary injunction is routinely issued once a factual basis is pled under oath; it can either proceed to a hearing for a preliminary injunction to decide whether the injunction should

remain in force, or be dissolved. *See* Rule 1-066(B)(2) NMRA (providing that following the issuance of a temporary restraining order, if the movant chooses, shall proceed with an application for a preliminary injunction, or if the movant chooses not to, "the court shall dissolve the temporary restraining order"). Notably, it is Defendants themselves who moved to dismiss the injunction. [3 RP 511] *See State v. Peterson*, 1985-NMCA-109, ¶ 8, 103 N.M. 638, 711 P.2d 915 ("One ought not be heard to complain because the very relief he requested was granted.").

{6}    Moreover, there is no question as to whether the district court had the authority to issue the injunction, provided there was a factual basis to do so. Thus, there is no overriding question concerning the district court's authority that is common to a category of future parties. *Cf. Leonard v. Payday Prof'l/Bio-Cal Comp.*, 2008-NMCA-034, ¶¶ 10, 12, 143 N.M. 637, 179 P.3d 1245 (recognizing that an issue is capable of repetition while evading review so long as the issue of whether a Workers' Compensation Judge has the authority to issue injunctions requiring an employer's insurer to pay medical costs remains open). We are not persuaded that any alleged error by the district court in issuing the injunction, based on the specific facts pled, is an issue capable of repetition yet evading review.

{7}    As to the collateral consequences of the injunction, Defendants assert that the district court's injunction against Mr. Fraser, in particular, placed him under a cloud of doubt with his employer, Los Alamos National Laboratory, that continues today even after the injunction was dissolved. [MIO 4] Defendants contend that the collateral consequences are particularly significant because none of the allegations against Mr. Fraser were ever resolved through fact finding that resulted in a final order. [MIO 4-5] Defendants further contend that as a result of the injunction against Mr. Fraser, his security clearance was deactivated, which has since been restored, and his Human Reliability Program Certification, which was terminated, continues to be a hindrance to him meeting job requirements. [MIO 5] However, the collateral consequences exception to mootness is generally applied in the criminal context. *See State v. Sergio B.*, 2002-NMCA-070, ¶ 10, 132 N.M. 375, 48 P.3d 764 ("Appellate courts review criminal convictions even after a defendant's term of incarceration ends because of the continuing collateral consequences of a conviction, such as mandatory sentence increases for subsequent offenses, limitations on eligibility for certain types of employment, and voting restrictions."). Injunctions arising from the civil rules of procedure are not punitive in nature. *See* Rule 1-066. We conclude that the collateral consequences exception to mootness is inapplicable here; Defendants cite no authority to persuade us otherwise. [MIO 4-5] *See Curry v. Great Nw. Ins. Co.*, 2014-NMCA-031, ¶ 28, 320 P.3d 482 ("Where a party cites no authority to support an argument, we may assume no such authority exists.").

{8}    For all of these reasons, and those stated in our notice of proposed disposition, we affirm.

{9}    **IT IS SO ORDERED.**

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**LINDA M. VANZI, Judge**

**JENNIFER L. ATTREP, Judge**