This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

NO. A-1-CA-37422

**DANIEL GARCIA,**

Petitioner-Appellant,

v.

**CITY OF ALBUQUERQUE,**

Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**C. Shannon Bacon, District Judge**

Mescall Law Firm, P.C.
Thomas J. Mescall, II
Phillip Patrick Baca
Albuquerque, NM

for Appellant

Esteban A. Aguilar, Jr., City Attorney
Andrew S. Coon, Assistant City Attorney
Albuquerque, NM

for Appellee

### MEMORANDUM OPINION

**VANZI, Judge.**

**{1}** Petitioner Daniel Garcia appeals the district court's order dismissing his petition for writ of mandamus and prohibition. We dismiss Garcia's appeal on the basis of mootness.

**Background**

**{2}** In June 2017, the City of Albuquerque (the City) seized Garcia's vehicle pursuant to the City's civil forfeiture ordinance (the Ordinance), Albuquerque, N.M., Code, §§ 7-6-1 to -7 (1992, as amended through 2014). Thereafter, Garcia filed a verified petition for writ of mandamus and prohibition (the Petition) in the district court. The Petition sought a declaration under NMSA 1978, Section 44-6-4 (1975) of the Declaratory Judgment Act (the Act), NMSA 1978, §§ 44-6-4 to -15 (1975), that the Ordinance was preempted by the New Mexico Forfeiture Act (NMFA), NMSA 1978, §§ 31-27-1 to -11 (2002, as amended through 2019). It further sought relief under Section 44-6-9 of the Act for issuance of a writ of prohibition and injunction to permanently enjoin the City from enforcing the Ordinance, and writs of mandamus for release of Garcia's vehicle as well, as for the City to assume any storage costs for the vehicle that resulted from the seizure.

**{3}** The district court entered Garcia's alternative writ to show cause why a permanent writ should not issue and, after briefing on the matter, entered an order quashing alternative writ. The order stated that the alternative writ was quashed "because this is not a mandamus proceeding[,]" and that "it is a suit solely under the . . . Act." Thus, the court said, the matter shall proceed as a declaratory judgment action.

**{4}** After entry of the district court's order, the City filed a motion to dismiss Garcia's Petition, arguing that Garcia failed to exhaust his administrative remedies and that the Ordinance was not preempted by the NMFA. Shortly after the City filed its motion to dismiss, Garcia filed a motion for summary judgment on declaratory judgment and a motion to reconsider order quashing alternative writ. The parties completed briefing on the three motions after which the district court, without a hearing, entered an order granting the City's motion to dismiss Garcia's Petition. Specifically, the court denied the motion to dismiss with regard to exhaustion of remedies, but granted the motion "with regards to the preemption argument." This appeal followed.

**Discussion**

**{5}** In general, we dismiss an appeal when the issues in the case have become moot. *Howell v. Heim*, 1994-NMSC-103, ¶ 7, 118 N.M. 500, 882 P.2d 541 (citing *Mowrer v. Rusk*, 1980-NMSC-113, ¶ 13, 95 N.M. 48, 618 P.2d 886). "A case is moot when no actual controversy exists, and the court cannot grant actual relief." *Gunaji v. Macias*, 2001-NMSC-028, ¶ 9, 130 N.M. 734, 31 P.3d 1008 (internal quotation marks and citations omitted); *see also* § 44-6-2 (stating that district courts shall have the power to declare rights in "cases of actual controversy"). For the reasons that follow, no actual controversy exists in this case, and we therefore dismiss Garcia's appeal.

**{6}** Less than a week after Garcia filed his brief in chief seeking reversal of the district court's decision, this Court filed its opinion in *Espinoza v. City of Albuquerque*, 2019-NMCA-014, 435 P.3d 1270. The facts and legal issues presented in *Espinoza* are virtually identical to the ones before us here. In *Espinoza*, the City seized the plaintiff's vehicle pursuant to the Ordinance. *Id.* ¶ 2. The plaintiff then sued the City seeking (1) a declaration that the Ordinance was in violation of the NMFA, (2) a permanent injunction

prohibiting the City from enforcing the Ordinance, and (3) an order requiring the City to return the plaintiff's vehicle to him. *Id.* The City answered and argued—as it did here—that the NMFA did not apply to the Ordinance. *Id.* After briefing and a hearing on the matter, the district court dismissed the plaintiff's complaint and denied the petition finding that that the NMFA did not preempt or limit in any way the City's Ordinance. *Id.* We reversed, concluding that "the NMFA denies the City's authority to seize and forfeit property under the Ordinance," and we held that "the NMFA preempts the Ordinance in its entirety." *Id.* ¶ 31. The City did not file a petition for writ of certiorari, and our holding in *Espinoza* is therefore final.

**{7}**     In this case, no actual controversy exists because this Court has already answered the question raised by Garcia on appeal—whether the NMFA preempts the Ordinance. In *Espinoza*, we held that it does. *See id.* Therefore, a ruling that the district court improperly dismissed Garcia's Petition thus warranting reversal on appeal would not grant him any actual relief. *See Leonard v. Payday Prof'l/Bio-Cal Comp.*, 2008-NMCA-034, ¶ 9, 143 N.M. 637, 179 P.3d 1245 (holding that the appeal was moot where this Court could not provide the appellant with any actual relief). Importantly, Garcia does not dispute the City's assertions that the City has indeed ended its seizure program, is no longer enforcing the Ordinance, has released Garcia's vehicle, and has voluntarily assumed the cost of storage of the vehicle.

**{8}**     We recognize that we may decide cases with moot issues "if they are issues of substantial public interest, and capable of repetition, yet evading review." *Howell*, 1994-NMSC-103, ¶ 7 (internal quotation marks and citation omitted). Garcia does not argue that the issue of preemption in this case rises to the requisite level of public interest, or is capable of repetition to overcome the mootness doctrine. Consequently, we conclude that this case is moot.

**{9}**     In his reply brief, Garcia argues instead that this appeal is not moot because a "supplemental issue on appeal" is whether the district court committed legal error by sua sponte entering an order quashing alternative writ on the ground that the action was not a mandamus proceeding but a declaratory judgment action. Although not entirely clear, Garcia appears to seek a ruling that he "properly filed a [d]eclaratory [j]udgment action in combination with a petition for [w]rit of [m]andamus" so that he "can seek a recovery of damages in the court below." Garcia's argument fails for two reasons.

**{10}**     First, we conclude there was no error in the district court's order quashing alternative writ on the basis that "this is not a mandamus proceeding[,]" but "is a suit solely under the . . . Act." As correctly noted in the court's order, the relief sought in Garcia's Petition was grounded entirely in the Act, specifically, Sections 44-6-4 (power to construe), 44-6-9 (supplemental relief), and 44-6-11 (costs). The Petition was not brought under any provision of the mandamus statute, NMSA 1978, §§ 44-2-1 to -14 (1884, as amended through 1887). We recognize that Garcia titled his opening pleading a "verified petition for writ of mandamus and prohibition," but nowhere does the Petition reference the mandamus statute, nor did he seek to amend his Petition to include it. Accordingly, the district court properly required the case to proceed as a declaratory

judgment action. Given our conclusion that the question of whether the NMFA preempts the Ordinance is no longer in controversy under the Act, a declaratory judgment cannot be issued and Garcia's relief cannot be granted. As we have explained above, the City has ended its seizure program and is no longer enforcing the Ordinance. Additionally, the City has released Garcia's vehicle and has assumed the cost of storage. Any additional supplemental relief sought under the Act cannot be granted because this matter no longer has an "actual controversy." *See Gunaji*, 2001-NMSC-028, ¶ 9.

**{11}** Second, we reject Garcia's characterization in his brief in chief that the district court "committed legal error by dismissing [his] mandamus [P]etition on the grounds that 'this is not a mandamus proceeding.' " The court dismissed the petition because it found that the Ordinance was not preempted, not because the matter was brought as a mandamus proceeding. Indeed, the district court's order of dismissal did not state anywhere that the Petition was dismissed because it was a mandamus proceeding, and limited its ruling to the two issues raised—exhaustion of remedies and preemption.

**{12}** For the foregoing reasons, we decline to address the merits of the dispute between the parties, which is now moot.

**CONCLUSION**

**{13}** The appeal is dismissed.

**{14} IT IS SO ORDERED.**

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**BRIANA H. ZAMORA, Judge**