This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-38872**

**LLOYD OSCAR LINDQUIST,**

Plaintiff-Appellee,

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,**

Defendant-Appellant,

and

**MATTHEW BOONE,**

Defendant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Matthew J. Wilson, District Judge**

Hunt Law Firm
Lee Hunt
Aimee Bevan
Santa Fe, NM

for Appellee

Guebert Gentile & Piazza, P.C.
Terry R. Guebert
Elizabeth M. Piazza
Albuquerque, NM

Miller Stratvert P.A.
Todd A. Schwarz
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**MEDINA, Judge.**

**{1}** Defendant State Farm Mutual Automobile Insurance Company (State Farm) appeals the district court's order granting partial summary judgment to Plaintiff Lloyd Oscar Lindquist, allowing the stacking of medical payment coverage in his automobile insurance policies. Because the issue presented to this Court is moot, we dismiss.

## BACKGROUND

**{2}** In 2013, Matthew Boone struck Lindquist with his car while Lindquist was riding his bicycle along Old Las Vegas Highway in Santa Fe, New Mexico. Lindquist suffered severe injuries as a result of the crash. At the time of the crash, Lindquist held seven State Farm automobile insurance policies, each of which included $100,000 in medical payment coverage for medical expenses incurred due to bodily injury sustained from a motor vehicle accident.

**{3}** Lindquist filed a complaint against Boone[1] and State Farm to recover damages for personal injury, including medical expenses. Lindquist sought a declaratory judgment that his policies permitted stacking of medical payment coverage. State Farm moved for summary judgment on the issue of stacking medical payment coverage, contending that Lindquist's insurance policies unambiguously included anti-stacking provisions for that particular coverage. State Farm did not dispute that Lindquist's uninsured/unknown motorist coverage could be stacked. Lindquist in turn, filed a reply contending in part that the medical coverage in his policies could be stacked. After a hearing on the motion, the district court concluded that the factors established by *Vigil v. California Casualty Insurance Co.*, 1991-NMSC-050, 112 N.M. 67, 811 P.2d 565, supported finding that Lindquist's medical payments coverage could be stacked and granted summary judgment in favor of Lindquist. The district court noted that Lindquist paid seven premiums for seven policies and that Lindquist's medical payment coverage policy language was ambiguous due to its similarity to the uninsured/unknown motorist coverage language.

**{4}** The case proceeded to trial and, at the close of Lindquist's case, State Farm moved for a directed verdict on the issue of damages, including medical expenses. Lindquist responded that he was not pursuing those claims and asked the district court to allow him to withdraw the claims instead of entering a directed verdict in State Farm's favor. The district court granted a directed verdict in State Farm's favor, dismissing Lindquist's claims for medical expenses with prejudice. Following trial, State Farm appealed the district court's pretrial order granting partial summary judgment in Lindquist's favor to this Court.

## DISCUSSION

---

[1]Boone has since been dismissed from this lawsuit.

**{5}**     Appellate courts "review[] de novo an order granting or denying summary judgment." *United Nuclear Corp. v. Allstate Ins. Co.*, 2012-NMSC-032, ¶ 9, 285 P.3d 644. However, because the parties proceeded to trial and the district court granted State Farm's motion for a directed verdict and dismissed Lindquist's claim for medical expenses with prejudice, we begin by determining whether the district court's grant of partial summary judgment on the issue of stacking medical coverage is moot.

**Mootness**

**{6}**     In general, we dismiss an appeal when the issues in the case have become moot. *Howell v. Heim*, 1994-NMSC-103, ¶ 7, 118 N.M. 500, 882 P.2d 541. "A case is moot when no actual controversy exists, and the court cannot grant actual relief." *Gunaji v. Macias*, 2001-NMSC-028, ¶ 9, 130 N.M. 734, 31 P.3d 1008 (internal quotation marks and citations omitted). Here, no actual controversy exists because State Farm obtained a directed verdict relieving it from liability for Lindquist's medical expenses. Consequently, a ruling by this Court reversing the district court's grant of summary judgment regarding stacking would not grant State Farm any actual relief. *See Leonard v. Payday Pro./Bio-Cal Comp.*, 2008-NMCA-034, ¶ 9, 143 N.M. 637, 179 P.3d 1245 (holding that the appeal was moot where this Court could not provide the appellant with any actual relief). As such, the issue on appeal is moot. *See Gunaji*, 2001-NMSC-028, ¶ 9.

**{7}**     We recognize that we may review moot cases "that present issues of substantial public interest or which are capable of repetition yet evade review[,]" *id.* ¶ 10, and that our review of moot cases is discretionary. *Republican Party of N.M. v. N.M. Tax'n & Revenue Dep't*, 2012-NMSC-026, ¶ 10, 283 P.3d 853. Recognizing that we may conclude that the issue of medical stacking of the insurance policies in this appeal is moot, State Farm nonetheless requests that we review the issue, contending that "[t]he issue of medical payments stacking is an issue capable of repetition, yet in this case, may evade review" and that the issue is a matter of substantial public interest. We disagree.

**{8}**     While the issue of stacking medical payments in automobile policies is no doubt capable of repetition, we disagree with State Farm that the issue will evade review. New Mexico has previously addressed stacking medical payment coverage in other facets of the automobile accident arena, establishing both when medical payment coverage can and cannot be stacked. *See Sanchez v. Herrera*, 1989-NMSC-073, ¶ 27, 109 N.M. 155, 783 P.2d 465 (holding medical payment coverage could not be stacked due to clear and unambiguous policy language preventing stacking); *Vigil*, 1991-NMSC-050, ¶ 1 (holding medical payment coverage could be stacked due to ambiguous policy language and lack of an exclusionary clause). Thus, New Mexico has established jurisprudence addressing medical payment coverage stacking, and it is highly unlikely that this particular issue will evade review so long as insurers and policyholders disagree as to the interpretation of the language in the insurance policies. *See Rodriguez v. Windsor Ins. Co.*, 1994-NMSC-075, ¶ 1, 118 N.M. 127, 879 P.2d 759 ("This is another in the seemingly endless series of cases in New Mexico involving the principle of

'stacking[.]' "); *cf. Sanchez*, 1989-NMSC-073, ¶ 21 (recognizing that the insurer drafts the documents and that the typical insured does not bargain for coverage).

{9}     We also disagree with State Farm that this case involves a matter of substantial public interest. "A case presents an issue of substantial public interest if it involves a constitutional question or affects a fundamental right such as voting." *Republican Party of N.M.*, 2012-NMSC-026, ¶ 10. While New Mexico has a strong public policy regarding uninsured motorist coverage, no such public policy exists regarding medical payment coverage. *See* NMSA 1978, § 66-5-301(A) (1983) (requiring automobile liability policies to offer uninsured and underinsured motorist coverage in an amount equal to the liability limits of the policy). *Compare Schmick v. State Farm Mut. Auto. Ins. Co.*, 1985-NMSC-073, ¶ 10, 103 N.M. 216, 704 P.2d 1092 (requiring stacking of uninsured motorist coverage in order to effectuate Legislature's intent of putting injured insured in the same position he would have been in if tortfeasor had liability coverage), *with Vigil*, 1991-NMSC-050, ¶ 5 ("There is no statute or public policy requiring stacking of medical payments coverages."). Thus, there is no constitutional question, fundamental right, or matter of substantial public interest affected by whether an individual can or cannot stack medical payment coverage in their automobile insurance policy.

{10}    We conclude this case is moot and does not fall under either of our exceptions to reviewing moot cases. We therefore decline to review the district court's grant of partial summary judgment regarding stacking medical payment coverage.

**Vacatur**

{11}    State Farm asks us to vacate the district court's order granting Lindquist partial summary judgment in the event that we conclude this issue is moot. State Farm argues that we should follow the United States Supreme Court's established practice for dealing with a civil case which has become moot, which is to reverse or vacate the judgment below and remand with a direction to dismiss. State Farm contends that this order should not be permitted to stand because, if the issue is moot, State Farm is deprived of its right to seek appellate review of the district court's order.

{12}    We decline to adopt the federal remedy of vacatur in the manner proposed by State Farm because doing so is not appropriate under the circumstances of this case. Under federal precedent, vacatur due to mootness is appropriate when review of a judgment either becomes prevented by happenstance or mootness results from the unilateral action of the party who prevailed below. *United States v. Munsingwear*, 340 U.S. 36, 40 (1950); *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 23 (1994). It is true that Lindquist chose not to seek medical expenses at trial and failed to timely withdraw his claims. However, State Farm's motion for a directed verdict on the issue of medical expenses is what lead to the partial summary judgment order becoming moot. Therefore, we cannot say that the order became mooted through happenstance or due to Lindquist's unilateral action.

**{13}** To the extent State Farm argues that precedent from this Court supports vacatur due to mootness, we disagree. In support of this argument, State Farm cites two cases, *State v. Santillanes*, 1980-NMCA-183, 96 N.M. 482, 632 P.2d 359, *rev'd on other grounds*, 1981-NMSC-064, 96 N.M. 477, 632 P.2d 354, and *In re Estate of Duran*, 2007-NMCA-068, 141 N.M. 793, 161 P.3d 290. Neither case is applicable here. In *Santillanes*, this Court addressed the State's constitutional right to appeal an interlocutory order in a criminal proceeding pursuant to the New Mexico Constitution. 1980-NMCA-183, ¶ 17. And *In re Estate of Duran* involved a probate action in which our Supreme Court remanded the matter to the district court to impose either a constructive trust or order an accounting. 2007-NMCA-068, ¶ 12. We then held that the judgment on remand was subject to appellate review because the district court retained discretion over the parameters of the constructive trust it subsequently imposed. *Id.* Neither case addresses vacating a judgment due to mootness. Further, this is a personal injury action that does not involve a constitutional question or a judgment on remand. We therefore decline to vacate the district court's order.

**CONCLUSION**

**{14}** For the reasons stated above, we dismiss this appeal as moot and decline to vacate the district court's grant of partial summary judgment regarding medical payment coverage stacking.

**{15}   IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**KRISTINA BOGARDUS, Judge**