This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-38956**

**SACRED GARDEN, INC.; G &G GENETICS, INC.; and NEW MEXICO TOP ORGANICS ULTRA HEALTH, INC., New Mexico non-profit corporations,**

      Plaintiffs-Appellants,

v.

**NEW MEXICO DEPARTMENT OF HEALTH and KATHYLEEN KUNKEL, in her official capacity as Secretary of Health,**

      Defendants-Appellees,

and

**R. GREENLEAF ORGANICS, INC.,**

      Interested Party.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Francis J. Mathew, District Judge**

Egolf + Ferlic + Martinez + Harwood, LLC
Brian Egolf
Santa Fe, NM

Kristina Caffrey
Bernalillo, NM

for Appellants

Keleher & McLeod, P.A.
Thomas C. Bird
Chris R. Marquez
Albuquerque, NM

New Mexico Department of Health
Billy J. Jimenez, General Counsel
Chris D. Woodward, Assistant General Counsel
Santa Fe, NM

for Appellees

**MEMORANDUM OPINION**

**HANISEE, Chief Judge.**

**{1}** Sacred Garden, Inc., G & G Genetics, Inc., and New Mexico Top Organics Ultra Health, Inc., (collectively, Plaintiffs) appeal the district court's order dismissing their complaint for lack of standing and lack of jurisdiction under the Declaratory Judgment Act, NMSA 1978, §§ 44-6-1 to -15 (1975). We affirm.

**DISCUSSION**

**{2}** Plaintiffs filed a complaint in September 2019 against the New Mexico Department of Health and the Secretary of Health (collectively, Defendants), alleging that the promulgation of 7.34.4.8(A)(2) NMAC—which, in pertinent part, limited the number of medical cannabis plants that licensed producers of medical cannabis were allowed to possess—violated the Lynn and Erin Compassionate Use Act, NMSA 1978, §§ 26-2B-1 to -10 (2007, as amended through 2021). Following the completion of briefing in this appeal, Defendants filed a motion with this Court to dismiss Plaintiffs' appeal as moot, which Plaintiffs oppose. In that motion, Defendants argue that the enactment of the Cannabis Regulation Act (the CRA), NMSA 1978, §§ 26-2C-1 to -42 (2021), along with additional relevant regulations, rendered Plaintiffs' appeal moot. Specifically, Defendants contend that the CRA "transferred responsibility for all relevant aspects of the medical cannabis program" to the Cannabis Control Division of the New Mexico Regulation and Licensing Department (the Division), the entity charged with the administration of the CRA, and, therefore, Defendants are no longer the proper parties to be sued in challenges to plant possession limits, such as those raised in Plaintiffs' complaint. Defendants further assert that because subsequent regulations increased the number of plants a licensed medical cannabis producer may grow, the plant limits set forth by 7.34.4.8(A)(2) NMAC as challenged by Plaintiffs are no longer in controversy. In response, Plaintiffs request that we deny Defendants' motion and resolve the appeal on its merits as briefed, arguing that the issues presented on appeal—whether the district court erred in determining that Plaintiffs lacked standing and that the district court lacked jurisdiction under the Declaratory Judgment Act—are not moot, or, in the alternative, that the issues fit into our narrow exceptions to the mootness doctrine such that they can be, in the exercise of this Court's discretion, substantively addressed. *See Republican Party of N.M. v. N.M. Tax'n & Revenue Dep't*, 2012-NMSC-026, ¶ 13, 283 P.3d 853 ("[C]ourts recognize two exceptions to the prohibition on deciding moot cases: cases which present issues of substantial public interest, and cases which are capable of repetition yet evade review." (internal quotation marks and citation omitted)).

**{3}** Section 26-2C-3(A) of the CRA provides that "[t]he [D]ivision is created in the department to administer the [CRA] and the licensing provisions of the Lynn and Erin Compassionate Use Act and rules promulgated in accordance with those acts." (internal quotation marks and citation omitted). Section 26-2C-5 of the CRA further states that "[e]xcept for administration of the medical cannabis registry, the power, duty and authority of the department of health related to the medical cannabis program shall be transferred to the [D]ivision on the effective date of the [CRA]."

**{4}** That which Plaintiffs challenged in their complaint, the plant possession limits as set forth in 7.34.4.8(A)(2) NMAC (providing that "[a] non-profit producer that operates a facility and, at any one time, is limited to a combined total of no greater than 1,750 cannabis plants"), has been effectively superseded. Following the enactment of the CRA, the Division promulgated a new regulation, 16.8.8.9(B) NMAC, which established a range of "[d]esignated mature cannabis plant levels" that allow licensed producers to possess up to 16,000 such plants. 16.8.8.9(B)(4) NMAC. The current regulation, which itself has been amended as recently as March 2022 also provides allowances for producers to further increase their possession limits beyond 16,000 mature plants in certain circumstances. 16.8.8.9(C), (D) NMAC. Thus, by opposing Defendants' motion and persisting in their appeal Plaintiffs continue to seek a ruling establishing their right to challenge, and the district court's jurisdiction to resolve under the Declaratory Judgment Act, a defunct provision of law that has been replaced by an altogether different (and far less restrictive) regulation, and which has no capacity under the CRA to regain its past enforceability.

**{5}** We agree with Defendants' assertions that in light of the enactment of Section 26-2C-5 of the CRA and 16.8.8.9(B) NMAC Defendants (1) lack the authority to regulate the amount of medical cannabis plants producers may cultivate or possess, as such authority now rests with the Division, and (2) the relevant amended plant possession limits eliminate the dispute occasioned by Plaintiffs' original challenge to plant possession limits as set forth under prior regulations. Accordingly, we consider Plaintiffs' appeal to be moot. *See Howell v. Heim*, 1994-NMSC-103, ¶ 7, 118 N.M. 500, 882 P.2d 541 (explaining that we will generally dismiss a case if the issues have become moot); *see also Gunaji v. Macias*, 2001-NMSC-028, ¶ 9, 130 N.M. 734, 31 P.3d 1008 ("A case is moot when no actual controversy exists, and the court cannot grant actual relief." (internal quotation marks and citations omitted)). Moreover, the issues raised by Plaintiffs present no constitutional question, involve no fundamental right, and there is nothing to suggest that future matters related to standing or jurisdiction under the Declaratory Judgment Act are likely to evade review. *See Republican Party of N.M.*, 2012-NMSC-026, ¶ 13.

**{6}** Here, no actual controversy exists because under the CRA and current relevant regulations, a ruling by this Court reversing and remanding the district court's order of dismissal would not grant Plaintiffs any actual relief, given that the only result of such a hypothetical reversal and remand would be that the district court would again consider Plaintiffs' complaint without any basis upon which to grant Plaintiffs' requested relief for declaratory judgment. *See Leonard v. Payday Pro./Bio-Cal Comp.*, 2008-NMCA-034, ¶

9, 143 N.M. 637, 179 P.3d 1245 (holding that the appeal was moot where this Court could not provide the appellant with any actual relief). Indeed, while Plaintiffs argue that their appeal centers on a broad question regarding standing under the Declaratory Judgment Act, we note that the scope of the Declaratory Judgment Act itself requires the existence of actual controversy. *See* NMSA 1978, § 44-6-2 (1975) ("In cases of actual controversy, district courts within their respective jurisdictions shall have power to declare rights, status and other legal relations whether or not further relief is or could be claimed.").

**CONCLUSION**

**{7}** For the foregoing reasons, we conclude that Plaintiffs' appeal is rendered moot by its lack of actual controversy. Accordingly, we grant Defendants' motion to dismiss Plaintiffs' appeal.

**{8} IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**GERALD E. BACA, Judge**